ROBERT B. HOWELL, RECEIVER, APPELLANT, V. JOHN MALMGREN ET AL., APPELLEES.

FILED MAY 10, 1907.   No. 14,703.

1. **Dismissal.** Under section 430 of the code, it is within the sound discretion of the district court to dismiss a petition without prejudice for disobedience by the plaintiff of a reasonable order concerning the proceedings in the action.

2. **Corporations: INSOLVENCY: STOCKHOLDERS: JURISDICTION.** A court having jurisdiction of an insolvent corporation for the purpose of winding up its affairs has no authority to render a personal judgment against one of its stockholders who is not a party to the action by service of process or voluntary appearance. Neither has the court in such case authority to adjudicate the fact of membership in the corporation. *Commonwealth Mutual Fire Ins. Co. v. Hayden Bros.*, 61 Neb. 454, followed and approved.

APPEAL from the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*I. E. Congdon* and *B. E. Hendricks*, for appellant.

*Simpson & Good, contra.*

OLDHAM, C.

This was an action instituted by the plaintiff in the court below, as receiver of the Merchants and Manufacturers Mutual Insurance Company of Omaha, Nebraska, against the defendants, who were policy holders of the company residing in Saunders county, Nebraska. The petition set out the proceedings of the district court for Douglas county, by which the insurance company was adjudged to have been insolvent and plaintiff was ap-

pointed as its receiver, and in which it was determined that certain assessments had been made by the company prior to the appointment of the receiver, and remained unpaid, and that other assessments were necessary to pay and discharge the indebtedness of the company, and that the defendants in this action with others were members of the company. The decree pleaded directed the receiver to proceed with the collection of the assessments made and levied against the defendants and all other members of the company. The petition then alleged that by this decree the amount due on such assessments from each of the defendants had been judicially determined, and prayed for several judgments against each of the defendants for the amount levied against them in the district court for Douglas county. The defendants severally filed a motion, asking that the petition be made more definite and certain for numerous causes. The trial court sustained the motion in part, and overruled it in part. The cause was then continued until a subsequent term of the court, when plaintiff came in with a supplemental petition, which he designated an "answer to the motion of the several defendants to require plaintiff to make the petition more specific and certain." In this supplemental pleading, plaintiff complied with the order of the court, except as to the ruling on paragraph 7 of the motion, which was as follows: "Seventh. To require the plaintiff to set forth and state fully and specifically what liabilities are referred to in the third paragraph of the first page of plaintiff's amended petition, and to require the plaintiff to set forth in his amended petition the schedule of the liabilities that were incurred by said insurance company during the time these defendants are claimed by plaintiff to have been members of said insurance company. And to also set forth in said petition how much and which of said liabilities, if any, remain unpaid. Also to require plaintiff to set forth specifically and fully what assets of said insurance company were collected during the term

of the alleged membership of these defendants, and what disposition has been made of said assets." With reference to the ruling of the trial court, requiring plaintiff to set out the information demanded in this seventh paragraph of the motion, the supplemental petition contained the following allegation: "As to paragraph seven of said motion, plaintiff renews his objection, and still insists that all questions therein presented have been foreclosed by the decree of the district court for Douglas county, Nebraska, upon which decree the plaintiff's action is based, and a copy of which decree is set forth herein, and the other reasons as set forth in the argument on said motion." No other showing was made of an attempted compliance with the order of the court, except such as was contained in the supplemental petition, which was verified by plaintiff's attorney. The defendants thereupon moved the court to dismiss the petition for plaintiff's failure to comply with the rule of the court. This motion was sustained by the trial court, and the petition dismissed without prejudice. Without a motion to reinstate the petition, or any other additional showing of an inability on the part of the plaintiff to comply with the rule imposed upon him, plaintiff has appealed from the order of the district court dismissing his petition.

It is absolutely necessary for the orderly transaction of business in trial courts that litigants should comply with all reasonable and salutary rules governing the conduct of actions therein. And, to require a compliance with proper rules of procedure in the district court, section 430 of the code provides, among other things, that an action may be dismissed without prejudice "by the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." Now, unless the rule of the court, requiring the information in plaintiff's petition demanded by paragraph seven of the motion before set out, was either an unreasonable, oppressive or arbitrary exercise of the discretion reposed in the trial judge in

directing amendments to pleadings, the court was clearly justified in dismissing the action without prejudice for noncompliance with its rule.   If the levy of the assessments against the various policy holders in the insolvent insurance company in the district court for Douglas county has the effect of a judgment *in personam* against each of the defendants for the amount therein named, then the information demanded by paragraph seven of the motion would be purely superfluous, and plaintiff might have been excused, if not fully justified, in declining to comply with the rule.   The decree pleaded shows that in the receivership proceedings the insurance company alone was served with process, and that at no stage of the proceedings was any notice of any kind served upon the members, or policy holders, of the association, so that the question to be determined is how far these policy holders are bound by the judgment of the district court for Douglas county in the action in which they had only constructive service as members of the insolvent corporation.

In the case of *Commonwealth Mutual Fire Ins. Co. v. Hayden Bros.,* 61 Neb. 454, this identical question was before this court and was carefully examined on a second hearing, and, after an exhaustive review and discussion of the authorities, it was there held that "a court having jurisdiction of an insolvent corporation for the purpose of winding up its affairs has no authority to render a personal judgment against one of its stockholders who is not a party to the action by service of process or voluntary appearance.   Neither has the court in such case authority to adjudicate the fact of membership in the corporation."   Applying the doctrine announced in this opinion to the issues in the case at bar, we conclude that the levy of assessments by the district court for Douglas county on constructive notice against the members of the association had the effect of finally determining the amount of the assets and liabilities of the insolvent corporation, and the amount of the assessment which should

be made upon the stockholders, and that it left open the question as to whether the persons sued herein were stockholders and like defenses to be litigated. 1 Cook, Corporations (5th ed.), sec. 207. Now, by the amended petition filed by the plaintiff it was made to appear that many, if not all, of the defendants sued in this cause of action were not members of the insolvent corporation at the time of the receivership proceedings. Consequently, the information demanded in the seventh paragraph of the motion "to set forth specifically and fully what assets of said insurance company were collected during the term of the alleged membership of these defendants, and what disposition has been made of said assets," was information material to the defense of the parties to this action who were not members of the association at the time of the receivership proceedings.

We are therefore of the opinion that the trial court was fully justified in dismissing the petition for noncompliance with its rule, and we recommend that the judgment be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.