EDWIN C. PRESSEY ET AL., APPELLANTS, V. STATE OF NEBRASKA ET AL., APPELLEES.

114 N. W. 2d 518

Filed April 13, 1962. No. 35123.

*Beatty, Clarke, Murphy, Morgan, Pedersen & Piccolo,* for appellants.

*Clarence A. H. Meyer,* Attorney General, *Homer G. Hamilton, John H. Evans,* and *A. Paul Johnson,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action to quiet title. No issues of fact were tried in the district court. Plaintiffs filed a motion for summary judgment which was overruled on December 8, 1960. On April 18, 1961, the trial court entered an order for a pre-trial conference to be held May 10, 1961. Plaintiffs failed to appear and the court dismissed the action on May 17, 1961, for want of prosecution. A motion for a new trial was overruled and plaintiffs perfected this appeal.

The plaintiffs, 16 in number, are the heirs of Henry E. Pressey who died April 10, 1944. In December 1943, Henry E. Pressey deeded the land involved in this action to the State of Nebraska Game, Forestation and Parks Commission to be used for recreation purposes and the raising of wild life. The defendants are the State of Nebraska, the State of Nebraska Game, Forestation and Parks Commission, and Paul T. Gilbert.

The action was filed November 1, 1952, in the district court for Custer County. On November 28, 1952, the defendants filed a special appearance. On September 24, 1959, the court entered a journal entry indicating that on September 11, 1959, the special appearance, which had been previously submitted and was taken under advisement pending the furnishing of the briefs by the plaintiffs, which had recently been supplied, came on to be heard and was overruled. The defendants were allowed 45 days to answer. An answer was filed on October 19, 1959. The plaintiffs filed a reply on June 6, 1960, and on the same day filed a motion for summary judgment which appears to have been heard that day and to have been taken under submission for briefs. The motion for summary judgment was overruled on December 8, 1960.

On April 18, 1961, Judge S. S. Sidner, whose term as district judge commenced in January 1961, subsequent to the proceedings delineated above, issued an order for a pre-trial conference to be held in Broken

Bow, Nebraska, on Wednesday, May 10, 1961, at 4 o'clock p.m. The order listed the matters to be considered in almost the exact language of the rule on pre-trial procedure promulgated by this court. Page 35, Revised Rules of the Supreme Court of Nebraska (1960). The order required each party to be represented by at least one attorney who would thereafter participate in the trial of the action. The plaintiffs did not appear. The court, on May 17, 1961, signed an order of dismissal, which, excluding the caption, is as follows: "Now on this 10th day of May, 1961 this matter came before the court on the order entered by this court on April 18, 1961 directing the parties to appear before me at 4:00 o'clock p.m. on Wednesday, May 10, 1961 for a pre-trial conference for the purposes set out in said order.

"Upon consideration thereof the court finds that a copy of said order was duly served on all parties by mail. The court further finds that plaintiffs have failed to appear in person or by counsel at the time and place for said hearing as set out in the previous order of this court and have failed to appear at any time thereafter on said date and that this action should be dismissed for want of prosecution.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that this action should be and is hereby dismissed for want of prosecution.

"BY THE COURT:
/s/ S. S. Sidner
District Judge."

Plaintiffs did not attempt to reinstate the action by motion or otherwise, or make a showing of any nature of inability to comply with the order for appearance at the pre-trial conference. Instead, on May 19, 1961, they filed a motion for a new trial for the following reasons: First, the judgment is contrary to law; second, the judgment is contrary to the evidence; and third, the court erred in overruling plaintiffs' motion for summary judgment. This motion for new trial was overruled June

15, 1961. The bill of exceptions discloses that the clerk of the court testified that she notified the attorneys of the pre-trial hearing and that she received no communication to indicate the plaintiffs would not be present. The court then read the following statement into the record: "The following are the facts concerning the dismissal entered by the court on its own motion on May 10th, 1961; that on the 18th day of April, 1961, a pre-trial order was entered fixing a time for pretrial hearing in Broken Bow, Nebraska, in the court house, on May 10th, 1961, at 4 o'clock p.m. The original order was filed on that date and copies were mailed to plaintiffs' attorneys on that date. No request for continuance or any communication whatever was received from plaintiffs' attorneys. The Assistant Attorney General appeared for the State of Nebraska and the case was dismissed for want of prosecution.

"Since May 10th up to this date there has been no showing of any reason why plaintiffs' counsel did not appear, nor has any explanation ever been given to the court."

The plaintiffs devote 64 pages of their brief to a discussion of the merits of their position on the summary judgment, and 5 pages to a discussion of the dismissal of the action. The overruling of a motion for summary judgment is not an adjudication of the substantive rights of a party and is not a final and appealable order within the meaning of section 25-1902, R. R. S. 1943. Rehn v. Bingaman, 157 Neb. 467, 59 N. W. 2d 614. See, also, Otteman v. Interstate Fire & Cas. Co., Inc., 171 Neb. 148, 105 N. W. 2d 583.

A dismissal for want of prosecution is a dismissal without prejudice. It does not in any sense pass upon the merits of the controversy. As we view the record, the only question properly before this court is the propriety of the dismissal of the action, or, stated otherwise, whether or not the trial court abused its discretion.

Plaintiffs in their brief list the fourth point under

statement of the questions involved, as follows: "4. Whether a court should dismiss an action as for want of prosecution solely on the ground that plaintiffs' counsel failed to appear at an unnecessary pre-trial conference."

It should be evident that it is not within the province of one of the parties to decide whether a pre-trial conference is or is not necessary. It might occasionally happen that neither party may desire a pre-trial conference. The parties may not agree upon any of the matters which the rule sets forth as subjects to be discussed. It is the court, however, which is given the discretion to determine the advisability of a pre-trial conference and to require the parties to appear to consider the subjects listed in the rule. The purpose of a pre-trial conference is to narrow and simplify the issues in an effort to effect a more speedy determination of controversies at less expense to the litigants and the public. The pre-trial procedure in the hands of able and fearless judges can do much to promote the prompt administration of justice.

In Nebraska there is statutory authority permitting a court to dismiss an action where a plaintiff disobeys an order concerning the proceedings. Section 25-601, R. R. S. 1943, provides in part: "An action may be dismissed without prejudice to a future action * * * (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

In Howell v. Malmgren, 79 Neb. 16, 112 N. W. 313, we held: "* * * it is within the sound discretion of the district court to dismiss a petition without prejudice for disobedience by the plaintiff of a reasonable order concerning the proceedings in the action."

In Ferson v. Armour & Co., 109 Neb. 648, 192 N. W. 125, where the plaintiffs filed a petition containing inflammatory language and extraneous matters, the petition was stricken. The plaintiffs filed three more such petitions. After the fourth petition, the court dismissed the action with prejudice. We there said: "A court is

not a mere instrument of litigants for the settlement of private controversies. It is a separate department of government. Out of its findings and judgments in actions between private suitors grow rules of conduct applicable to society as a whole. Litigants and counsel alike are answerable to the court for violating established rules of procedure and orders made in regard to pleadings."

Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453, involved an action in which the plaintiff failed to more accurately describe certain land involved in an ejectment action when ordered to do so by the court. In affirming a dismissal, we held: "Failure or refusal of plaintiff to comply with a proper order of the court with respect to amendment of petition may be valid grounds for dismissal of the action."

Plaintiffs argue that: "* * * a pre-trial conference is not held for the purpose of dismissing a lawsuit." This is not the point involved. It is the failure of the plaintiffs to appear or to give any reason for their failure to do so which resulted in the dismissal of the action for want of prosecution. As suggested, the plaintiffs did not at any stage seek to explain or justify their conduct other than to suggest in their brief that a pre-trial conference would have served little if any purpose. They were ordered to appear and they failed to do so. Their conduct in completely ignoring the order suggests contempt of the court's right to require it. To condone such conduct would soon result in mockery of orderly trial court procedure.

Regardless of statutory authority, it has almost universally been held or recognized that courts have the inherent power to dismiss an action for disobedience of a court order. It is obvious that this is one of the more coercive measures to compel obedience of an order. It should be equally evident that it is necessary on occasions for courts to resort to such action in the interest of the orderly administration of justice.

The Florida court, in Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So. 2d 564, succinctly explains the rule in the following language: "When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect." We say that the right of a court to enforce its lawful orders is inherent in the power of the court. Without this right, a court could not control its dockets; business before it would become congested; its functions would be impaired; and speedy justice to litigants would largely be denied.

To warrant dismissal for failure to obey a court order, that order must be within the power of the court to enter. As explained heretofore, it was within the discretion of the court to require the parties to appear at a pre-trial conference. The order therefore was a proper one. If there was any excuse for the failure to appear, it should have been addressed to the discretion of the trial court by motion or application. It is evident to us that the court was completely within its rights in entering a dismissal. There clearly was no abuse of discretion.

Since the judgment of dismissal was properly made because of plaintiffs' failure to comply with the order of the court, it is unnecessary to consider the other questions presented.

The judgment of the district court is right, and is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.