LUCILLE VODEHNAL, APPELLANT, v. GRAND ISLAND DAILY INDEPENDENT, A CORPORATION, APPELLEE.

218 N. W. 2d 220

Filed May 16, 1974. No. 39295.

John A. Wagoner, for appellant.

Kenneth H. Elson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action for libel. The trial court sustained a motion to make plaintiff's petition more definite and certain. Upon a willful failure by plaintiff to abide by the order of the court, the case was dismissed. We affirm the judgment of dismissal.

The alleged libel resulted from the publication of an item in defendant's newspaper wherein plaintiff was said to have been arrested and convicted on a misdemeanor charge. The court sustained a motion to make the petition more definite and certain and directed

plaintiff to allege whether or not the alleged publication was prompted by actual malice and whether or not plaintiff, within 20 days after acquiring notice of the publication, gave defendant notice by registered mail specifying the libelous statement and requesting correction. Plaintiff refused to amend and stood on her petition.

Section 25-840, R. R. S. 1943, provides in part: "The truth in itself and alone shall be a complete defense unless it shall be proved by the plaintiff that the publication was made with actual malice. Actual malice shall not be inferred or presumed from publication."

Section 25-840.01, R. R. S. 1943, provides in part: "(1) In an action for damages for the publication of a libel by any medium, the plaintiff shall recover no more than special damages, unless correction was requested, as herein provided, and was not published. Within twenty days after knowledge of the publication, plaintiff shall have given each defendant a notice by registered mail specifying the statements claimed to be libelous and specifically requesting correction. * * *

"(2) This section shall not apply if it is alleged and proved that the publication was prompted by actual malice, and actual malice shall not be inferred or presumed from the publication."

Section 25-833, R. R. S. 1943, authorizes motions to make pleadings more definite and certain.

Section 25-601, R. R. S. 1943, authorizes the dismissal of an action without prejudice for disobedience by the plaintiff of an order concerning the proceedings in the action. Under similar circumstances involving a failure to comply with an order to amend a petition to make it more definite and certain, this court held: "* * * it is within the sound discretion of the district court to dismiss a petition without prejudice for disobedience by the plaintiff of a reasonable order concerning the proceedings in the action." Howell v. Malmgren, 79

Neb. 16, 112 N. W. 313. See, also, Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453.

In Rhodes v. Crites, 173 Neb. 501, 113 N. W. 2d 611, we held: "An order of the district court requiring a petition to be made more definite and certain will be sustained on appeal unless it clearly appears that the court abused its discretion."

Plaintiff seeks to justify her failure to comply with the order of the court on the ground that in her second amended petition she has asserted sections 25-840 and 25-840.01, R. R. S. 1943, of the statutes to be unconstitutional and that compliance with the order of the court would waive the defense of unconstitutionality. The argument is ingenious but not sound. Obviously plaintiff did not comply with the statutory requirements. Had she done so, compliance with the order of the court would not have been detrimental. On the other hand, if she alleged a failure to comply, her defense of unconstitutionality would have been preserved. Motions to make more definite and certain are addressed to the sound discretion of the court and we fail to find an abuse of discretion in this instance.

We do not reach the questions of unconstitutionality posed in plaintiff's brief. This court will refuse to pass upon the constitutionality of a statute or a rule promulgated by a court unless it is necessary for a proper disposition of an action pending in this court. See Summit Fidelity & Surety Co. v. Nimtz, 158 Neb. 762, 64 N. W. 2d 803. See, also, Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 107 N. W. 2d 397.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.

I concur in the result. The motion to make more definite and certain was in effect a motion for discovery through admissions and should be treated as though it were a request for admissions. The trial court obviously

did not abuse its discretion in granting the motion to make more definite and certain. When the plaintiff failed to comply, she ran the risk of having her petition dismissed for failure to comply with a proper order of the court. I agree that the trial court did not abuse its discretion in dismissing the petition.

I do not agree with the opinion if it be taken to imply, as it seems to me it does, that in order to state a cause of action for libel against a publication medium, a plaintiff needs to anticipatorily plead the facts with reference to the subject matter of sections 25-840 and 25-840.01, R. R. S. 1943. See § 25-839, R. R. S. 1943. Section 25-840, R. R. S. 1943, refers to a matter of defense and reply. Section 25-840.01, R. R. S. 1943, refers to a matter of partial defense on damages. It is optional with the plaintiff whether he pleads actual malice, but he runs the risk of having his damages limited to special damages unless he at some point does so and, of course, follows with the requisite proof.