CHARLES I. SCUDDER, APPELLEE, v. LYDIA H. HAUG, APPELLANT.

250 N. W. 2d 611

Filed February 16, 1977. No. 40696.

Lydia H. Haug, pro se.

Michael P. Cavel of Emil F. Sodoro Law Offices, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

On June 11, 1975, the plaintiff brought suit against the defendant, seeking to recover a money judgment for the value of legal services rendered to her. The defendant filed her answer on July 14, 1975, along with a "Cross Petition Malpractice." On August 19, 1975, the plaintiff filed a motion to have portions of the cross-petition stricken and to have other portions thereof made more definite and certain.

A hearing on the plaintiff's motion was held on September 23, 1975. The District Court granted the plaintiff's motion in 20 of its 22 particulars. The defendant was given until October 24, 1975, to comply. The defendant appeared pro se at the hearing on September 23, 1975. It is clear from the record that the defendant was aware of the court's order, and was aware that she had until October 24, 1975, to amend her cross-petition.

The defendant failed to make any amendments to her cross-petition by October 24, 1975, and on October 27, 1975, the plaintiff moved for dismissal of the defendant's cross-petition for failure to comply with the court's order of September 23, 1975. A hearing on the plaintiff's motion to dismiss was held on November 17, 1975. The defendant was granted an additional 2 weeks to comply with the court's order, and was specifically warned that her failure to comply would result in a dismissal of her cross-petition with prejudice. The defendant was present pro se at this hearing, and the record shows that she was clearly informed by the District Court of the consequences of her failure to comply with the earlier court order.

The 2 weeks transpired and the defendant made no amendments to her cross-petition. On December 5, 1975, the District Court dismissed the defendant's cross-

petition with prejudice. The defendant filed a motion for a new trial but failed to appear at the scheduled hearing on her motion. The motion for a new trial was overruled. The defendant appeals. We affirm the judgment of the District Court.

In Ferson v. Armour & Co., 109 Neb. 648, 192 N. W. 125 (1923), this court held: "A court of general jurisdiction has inherent power to protect itself, litigants and the public from vexatious proceedings by dismissing with prejudice suits instituted by plaintiffs who repeatedly violate the rules of pleading and the orders relating thereto, after having had a full opportunity to present litigable controversies in proper form."

In Pressey v. State, 173 Neb. 652, 114 N. W. 2d 518 (1962), we stated: "* * * it has almost universally been held or recognized that courts have the inherent power to dismiss an action for disobedience of a court order. It is obvious that this is one of the more coercive measures to compel obedience of an order. It should be equally evident that it is necessary on occasions for courts to resort to such action in the interest of the orderly administration of justice. * * *

" 'When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect.' We say that the right of a court to enforce its lawful orders is inherent in the power of the court. Without this right, a court could not control its dockets; business before it would become congested; its functions would be impaired; and speedy justice to litigants would largely be denied." See, also, Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453 (1937).

The defendant was given repeated opportunities to comply with the court's order of September 23, 1975, and to bring her pleadings into proper form, yet she

failed to do so. She was present at these proceedings. She was given adequate time in which to comply. She was specifically advised of the consequences of her failure to comply with the court's order.

The dismissal of the defendant's cross-petition with prejudice by the District Court is correct and is affirmed.

AFFIRMED.