RICHARD F. PEITZ, APPELLANT, v. HERSCHEL HAUSMAN, APPELLEE.

252 N. W. 2d 628

Filed April 20, 1977. No. 40892.

C. J. Galvin, for appellant.

John P. Blackburn of Goetz, Hirsch & Haar, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an action brought in the District Court for Cedar County, Nebraska, for property damage arising from the collision of two automobiles on an icy and snowpacked road in that county. A jury was waived and the matter tried to the court. After the plaintiff presented his evidence and rested, the defendant moved for a dismissal in the following language: "At this time, Your Honor, the defendant would move that the plaintiff's case be dismissed on the grounds that there is no showing that the collision occurred in the jurisdiction of this Court." The court immediately sustained the motion without stating any grounds therefor. The plaintiff filed a motion for a new trial which was overruled and he then appealed to this court. We reverse.

In the absence of an appropriate motion, the court is not required to give any reasons for its rulings. It is also elementary that a ruling of the trial court will not be reversed if it is correct merely because it announced a wrong reason.

At the time of the collision the two cars were approaching each other from opposite directions. The left side of the plaintiff's car was damaged. The left front of the defendant's car was damaged. The plaintiff testified that he was on his own proper side of the highway when the collision occurred and that the defendant's automobile came into the plaintiff's lane, striking the side of the plaintiff's car. This testimony, of course, made a prima facie case. The direction of a verdict on the ground of failure to prove a prima facie case would therefore have been premature, at least until the defendant's evidence had been presented.

If the reason for the dismissal was the apparent one of failure to prove venue, the ruling was clearly erroneous for several reasons. An action in tort for damage to personal property is a transitory action, i.e., one which arises from a transaction which could have occurred anywhere, and such action may, in the absence of statutory restriction, be tried any place the defendant may be summoned. 92 C. J. S., Venue, § 7, p. 677, § 8, p. 678.

Section 25-409, R. R. S. 1943, provides in part as follows: "Except as may be otherwise more specifically provided by law, every action for tort brought against a resident or residents of this state must be brought in the county where the cause of action arose, or in the county where the defendant, or some one of the defendants, resides, or in the county where the plaintiff resides and the defendant, or some one of the defendants, may be summoned." See, also, Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462; Grosc v. Bredthauer, 136 Neb. 43, 284 N. W. 869. Venue in a transitory action is a matter which may be waived by failure to make timely objection. Corn Belt Products Co. v. Mullins, 172 Neb. 561, 110 N. W. 2d 845. The matter of improper venue in a transitory action must be raised in the answer, or earlier, or it is waived. Baker v. Union Stock Yards Nat. Bank, 63 Neb. 801, 89 N. W. 269. In this instance the issue was not raised by answer, but for the first time on the motion to dismiss. In this case the petition alleged, and the answer admitted, that the collision occurred in Cedar County. It is an elementary rule of pleading that matters admitted by the pleadings need not be proved. Anderson v. Evans, 164 Neb. 599, 83 N. W. 2d 59; Stahlhut v. County of Saline, 176 Neb. 189, 125 N. W. 2d 520. For this reason also the ruling was erroneous.

REVERSED AND REMANDED.