RALPH P. ROSNICK ET AL., APPELLANTS, V.
CARL W. RENSTROM, APPELLEE.

316 N.W.2d 765

Filed March 12, 1982. No. 43912.

Roy G. Breeling and James R. Place of Breeling, Welling & Place for appellants.

Edward G. Garvey, Esq., of Garvey, Nye, Crawford, Kirchner & Moylan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

This is an appeal by the plaintiffs Rosnick et al. from an order made on the motion of the defendant Renstrom under the provisions of Neb. Rev. Stat. § 25-601 (Reissue 1979) dismissing the plaintiffs' petition without prejudice for failure to comply with an order of the court to make the petition more definite and certain. We affirm.

The only bill of exceptions in this case is one made at the hearing on the motion for new trial. It contains the colloquy between counsel and the court and the deposition of the plaintiff Rosnick. That deposition contains

nothing pertaining to an excuse for failure to comply with the order of the court. The transcript shows the following proceedings. On May 9, 1978, the plaintiffs filed their petition for breach of an alleged contract to furnish and lend money to finance the business of the plaintiffs, which contract was alleged to have been entered into "after a series of conferences in late 1972." Following the filing of the petition, various motions and orders were filed and entered. On September 19, 1978, the defendant filed a motion to require the plaintiffs to make the petition more definite and certain in several particulars, including (1) a request to state whether the alleged contract was oral or in writing, and (2) a request to produce a copy of said contract if in writing and to incorporate the same in the petition. On October 25, 1978, the motion to make more definite and certain was granted.

The transcript shows no other activity until July 3, 1980, when the plaintiffs' counsel filed a motion to withdraw, which motion was granted on July 3, 1980. On July 3, 1980, present counsel entered their written appearance in the case. On July 31, 1980, the motion to dismiss was filed. The motion was heard on August 26, 1980, and the petition was ordered to be dismissed without prejudice. The transcript does not show the plaintiffs ever complied with the motion to make more definite and certain. There is no record to show the amended petition was ever tendered. There is nothing to show any excuse for failure to comply with the order to make more definite and certain.

The plaintiffs filed a motion for new trial on September 5, 1980. This motion was heard on October 20, 1980, and a hearing was held. The journal entry denying the motion for new trial indicated that certain documentary evidence was offered and in part received. The evidence is not preserved in any bill of exceptions and, of course, we do not know its nature. The motion for new trial was overruled on the date of hearing.

Section 25-601 provides in part: "An action may be

dismissed without prejudice to a future action . . . (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

The transcript indicates that approximately 22 months elapsed from the time the order to make more definite and certain was granted until the motion to dismiss was filed. About another month elapsed before the latter motion was heard. In *Scudder v. Haug*, 197 Neb. 638, 640, 250 N.W.2d 611, 612-13 (1977), we said, quoting from *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962): "'* * * it has almost universally been held or recognized that courts have the inherent power to dismiss an action for disobedience of a court order. It is obvious that this is one of the more coercive measures to compel obedience of an order. It should be equally evident that it is necessary on occasions for courts to resort to such action in the interest of the orderly administration of justice. * * *

"'"When a plaintiff invokes the jurisdiction of a court and seeks to avail himself of it he does so with the understanding that he must abide by all lawful statutes, rules and orders applicable to him, and the court has inherent power to impose the sanction of dismissal, for its coercive effect." We say that the right of a court to enforce its lawful orders is inherent in the power of the court. Without this right, a court could not control its dockets; business before it would become congested; its functions would be impaired; and speedy justice to litigants would largely be denied.'"

In the absence of a bill of exceptions, review on appeal is limited to the question of whether the pleadings support the judgment. *Hanson v. Hanson*, 198 Neb. 675, 254 N.W.2d 699 (1977).

The transcript and motion to dismiss support the judgment of dismissal.

AFFIRMED.