STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION, APPELLANT, V. ROBERT L. MEINS AND JANE M. MEINS, HUSBAND AND WIFE, ET AL., APPELLEES.

415 N.W.2d 462

Filed November 20, 1987.    No. 86-288.

James H. Dodson of Dodson and Dodson, and William H. Stowell, for appellant.

Rodney R. Smith of Smith & Boyd, for appellees Meins.

Boslaugh, White, Caporale, and Shanahan, JJ., and Brodkey, J., Retired, and Colwell, D.J., Retired.

Per Curiam.

Standard Federal Savings and Loan Association, plaintiff-appellant, filed its petition to foreclose a real estate mortgage on certain property in the town of Homer, Dakota County, Nebraska. Defendants-appellees Robert L. Meins and Jane M. Meins, the owners of the property, had given the mortgage to plaintiff's assignor.

In its petition, plaintiff set out that "Plaintiff is a Banking Association with its principal place of business in Gaithersburg, Maryland."

Defendants demurred to this petition, stating: "1. The Plaintiff has not legal capacity to sue in this matter; 2. There is a defect of parties, Plaintiff; 3. Plaintiff's petition does not state facts sufficient to constitute a cause of action . . . ."

This demurrer was sustained, and plaintiff was given 30 days "in which to amend its Petition." Plaintiff then filed an amended petition, in the same terms as its original petition but with two paragraphs added, as follows:

2. That the Plaintiff does not have a certificate of authority to transact business in the State of Nebraska.

3. That Plaintiff is not required to have a certificate of authority to foreclose its mortgage against the Defendants herein by virtue of Neb. Rev. Stat. Sections 21-20,105 (1), (7), (8) and (9) (Reissue of 1983).

Defendants again demurred, setting out the same three grounds set forth in their original demurrer and adding a fourth paragraph, that "the issues raised by this Demurrer are Res Adjudicata [sic], having been fully decided by this Court by its Journal Entry . . . ."

The court found that "the Demurrer of the Defendants should be sustained for the reasons set out therein," and sustained the demurrer. After plaintiff advised the court that it chose not to further plead, the court dismissed the amended petition. Plaintiff timely appealed to this court.

The four grounds stated in defendants' demurrer to the amended petition are set out above. Examination of the

transcript shows that if plaintiff's statement as to its status is sufficient, the petition does state facts sufficient to constitute a cause of action, and there is no defect in parties plaintiff.

The fourth ground stated by defendants, that is, that the issues in defendants' demurrer to the amended petition had been decided in the court's ruling on defendants' demurrer to the original petition and the earlier ruling was res judicata, is without merit. The sustaining of defendants' first demurrer was not a final order. Plaintiff amended its petition to put the issue of its capacity to sue in sharp focus, and the court, after sustaining the demurrer, dismissed the case. It is from this order of dismissal that this appeal is taken.

The only arguably valid ground on which defendants' demurrer was sustained is that "[t]he Plaintiff has not legal capacity to sue . . . ." Plaintiff attacks that ground in its assignment of error that the trial court "erred in concluding that Appellant was required to register as a foreign corporation in Nebraska in order to foreclose its mortgage." We determine the trial court was in error and reverse the dismissal of plaintiff's action.

Neb. Rev. Stat. § 21-20,105 (Reissue 1983) provides in pertinent part:

> [A] foreign corporation shall not be considered to be transacting business in this state, for the purpose of being required to secure a certificate of authority pursuant to this section, by reason of carrying on in this state any one or more of the following activities:
>
> (1) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes;
>
> . . . .
>
> (7) Creating, as a borrower or lender, or acquiring indebtedness, mortgages, or other security interests in real or personal property;
>
> (8) Securing, collecting, or servicing debts or enforcing any rights in property securing the same;
>
> (9) Transacting any business in interstate commerce . . . .

Since we are deciding this case on demurrer, we accept the well-pleaded facts in the petition as true. *Knoell v. Huff*, 224

Neb. 90, 395 N.W.2d 749 (1986). Examination of those pleadings shows that plaintiff is a federal savings and loan association, that the note and the mortgage in question were executed in Nebraska, that the mortgage originally provided that payments due thereunder were to be made at the original mortgagee's office in San Antonio, Texas, that the holder of the original mortgage assigned its rights under the mortgage to plaintiff by an assignment executed in the State of Texas, and that plaintiff is a banking association with its principal place of business in Gaithersburg, Maryland.

Without regard to plaintiff's contention that § 21-20,105(1), (7), or (9) applies to this situation and operates to remove any requirement that plaintiff had to secure a certificate of authority before foreclosing the mortgage in question, we note that § 21-20,105(8) provides that a foreign corporation need not secure such a certificate for the activity of "[s]ecuring, collecting, or servicing debts or *enforcing any rights in property securing the same.*" (Emphasis supplied.)

In this case plaintiff is clearly trying to enforce a right it has in property which has been mortgaged to secure the debt assigned to plaintiff. We hold that where a foreign corporation, as defined in Neb. Rev. Stat. § 21-2002(2) (Reissue 1983), is trying to foreclose a mortgage given by residents of Nebraska on Nebraska land, § 21-20,105(8) provides that such corporation need not obtain a certificate of authority from the Nebraska Secretary of State before engaging in that activity.

If there be any question that plaintiff has not identified itself as a foreign corporation, we note that 12 U.S.C. § 1464(a) (1982) provides, in part, that the Federal Home Loan Bank Board is authorized "to provide for the organization, incorporation, examination, operation, and regulation of associations to be known as Federal savings and loan associations . . . ." The petition shows that plaintiff, Standard Federal Savings and Loan Association, is a foreign corporation *within the meaning of* § 21-2002(2).

On a demurrer, a petition should be read as though incorporating everything of which the courts take judicial notice. 61A Am. Jur. 2d *Pleading* § 279 (1981); *Lincoln Federal Labor Union v. Northwestern Iron and Metal Co.*, 149 Neb.

507, 31 N.W.2d 477 (1948). Courts take judicial notice of the public and general acts of Congress. 29 Am. Jur. 2d *Evidence* § 32 (1967).

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

GRANT, J., participating on briefs.