465 N.W.2d 752 (1991)
237 Neb. 306
In re Interest of G.G., J.G., J.G., and J.G., Children Under 18 Years of Age.
STATE of Nebraska, Appellant,
v.
R.K. and K.T., Appellees.
No. 90-449.
Supreme Court of Nebraska.
February 22, 1991.
*753 Michael D. Wellman, Sarpy County Atty., and Lawrence D. Gendler, for appellant.
Robert B. O'Neal, of Arps & Schirber Law Offices, Papillion, for appellee K.T.
HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, District Judge, Retired.
PER CURIAM.
The State appeals the vacation by the Sarpy County Separate Juvenile Court of its order for K.T. to show cause why he should not be held in contempt of court for failing to participate in certain remedial programs.
We hold that it is plain error for a juvenile court to enter an order requiring an individual to participate in certain remedial programs and to refrain from other conduct without according the individual his or her due process rights.
Although the Supreme Court does not consider assignments of error which *754 are not discussed in the briefs, it always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. See Canas v. Maryland Cas. Co., 236 Neb. 164, 459 N.W.2d 533 (1990). The error in this case falls within the plain error category. It affects the integrity, reputation, and fairness of the judicial process. In view of our holding in this case, it is not necessary to discuss the errors assigned by the appellant.
On February 22, 1989, a Deputy Sarpy County Attorney filed a petition in the separate juvenile court of Sarpy County alleging inter alia that four minor children of R.K. were children as described in Neb.Rev.Stat. § 43-247(3)(a) (Reissue 1988) because they were in a situation dangerous to their life or limb or injurious to their health or morals. In an affidavit filed simultaneously with the petition, the Deputy Sarpy County Attorney averred that the children reported that K.T. hit them with an open hand and closed fist approximately three times a day, that he used profanity toward them, and that they were in fear of what he might do next.
In response to the petition, affidavit, and a request for a restraining order, the trial court, before an adjudication hearing, temporarily restrained K.T. from residing with the children and set a March 3, 1989, hearing to determine if a permanent restraining order should issue. On February 24, custody of R.K.'s four minor children was granted to the Nebraska Department of Social Services (DSS).
When K.T. failed to appear at the March 3 hearing, the court continued in effect the February 22 restraining order and further ordered K.T. not to have any contact with the four children without authorization from the juvenile court. On April 5, the juvenile court judge vacated the restraining order against K.T. and reset the children's adjudication hearing for May 22, 1989. On April 6, the Deputy Sarpy County Attorney filed an amended petition, alleging that the children were "homeless or destitute or without proper support through no one's fault" and were therefore children described in § 43-247(3)(a). At an open court hearing on April 7, the mother, who was accompanied by her counsel, admitted the truth of the allegations of the amended petition. The court thereupon found the children were children described under § 43-247(3)(a), thereby giving the juvenile court jurisdiction of them. Also present at that hearing was the Deputy Sarpy County Attorney. The judge's order of April 7 recites that "the children herein have guardian ad litem, Lisa Lewis, to represent said children herein." The bill of exceptions does not reflect that the children's guardian ad litem was present. A disposition hearing was set for May 11, 1989. Meanwhile, the court continued custody of the children in DSS.
K.T. was not present, nor was he represented by counsel, at the April 7, 1989, hearing. At this point, it should be reiterated that the trial court had, on April 5, vacated the restraining order against K.T.
Neither the bill of exceptions nor the transcript presented in this appeal reflects any court order after April 7 regarding K.T. until May 11, 1989. On that date, the court entered a "Findings and Order" in which it recited that the case came on for a dispositional hearing. Present were the children's guardian ad litem, their mother with her counsel, and a DSS worker. Neither K.T. nor his counsel, if any, was shown to be present. Nor does the record reveal that K.T. had been served with any summons or, for that matter, notice of the May 11 hearing.
K.T. was never named as a party in the juvenile court action involved here. Without any finding that K.T. was having contact with R.K.'s children at that time, in his dispositional "Findings and Order" of May 11, the juvenile court judge ordered that K.T. (1) cooperate fully with DSS in its provision of services, (2) participate in an individual counseling program approved by DSS, (3) complete a parenting program approved by DSS, (4) participate in a codependency *755 program approved by DSS, (5) participate in a counseling program approved by DSS, (6) complete a drug-alcohol education program approved by DSS, and (7) totally abstain from the consumption or use of alcohol and all controlled substances not prescribed by a licensed physician. A copy of the order was purportedly sent to K.T., although the manner in which it was sent is not shown, nor is there any showing that K.T. received a copy of the order. The custody of the children was continued in DSS.
On July 13, 1989, a further disposition hearing was held with R.K. and her counsel, the children's guardian ad litem, and a therapist from Family Intervention and Treatment Services (FITS) present. The record does not reflect that K.T. was present or that he had notice of the hearing. In his July 13, 1989, order, the juvenile court judge continued the custody of the children in DSS and again ordered K.T. to comply with the same rulings imposed on him in the May 11 order.
On September 26, 1989, the Deputy Sarpy County Attorney filed a "Motion for Review of Disposition," in which he related that K.T. was arrested on or about the 20th of September 1989 for burning the finger of one of the children, with a flame, for playing with matches.
A hearing on the "Motion for Review of Disposition" was set for October 20, 1989. At that purported hearing, no witnesses were sworn. The hearing was nothing more than the juvenile court judge, R.K. and her counsel, a therapist, and apparently a DSS worker engaging in a more or less roundtable discussion. The court reporter noted that K.T. appeared on his own behalf. However, when the court called the case for review, the judge announced that only the children's guardian ad litem, R.K. and her counsel, a therapist from FITS, and the DSS worker were present. In his order regarding the hearing, the juvenile court judge made no mention of K.T.'s being present at the hearing. The bill of exceptions reveals that K.T., if he was present at the hearing, made no comment at the hearing and that he was not asked any questions nor given any opportunity to speak. The bill of exceptions reflects that the juvenile court judge totally ignored K.T. if he was present.
In his order of October 20, continuing the hearing until April 20, 1990, for further disposition, the juvenile court judge again ordered K.T. to comply with the seven requirements imposed earlier and, in addition, to participate in an anger control group arranged by DSS. There is no showing in the record that K.T. agreed to the entry of the order.
On February 5, 1990, the Deputy Sarpy County Attorney filed a motion in the juvenile court asking that K.T. be required to show cause why he should not be held in contempt of court for willfully failing to participate in (1) a chemical education program, (2) an anger control group, and (3) individual counseling, all of which were ordered by the court on October 20, 1989. The juvenile court judge immediately issued an order for K.T. to show cause at a specified time on February 16, 1990, why he should not be held in contempt of court for violating the court's October 20 order. No specific violations of the October 20 order were cited in the show cause order. On February 16, 1990, K.T. appeared in the juvenile court, counsel was appointed to represent him, and the show cause hearing was continued to March 29.
With K.T. and his counsel present, the show cause hearing was held on March 29, 1990. Evidence was adduced and the court ordered briefs, after which the matter was to be submitted. On May 8, 1990, the juvenile court judge vacated the order for K.T. to show cause.
While a juvenile court has the authority, under Neb.Rev.Stat. § 43-2,107 (Reissue 1988), to permanently restrain or otherwise control the conduct of a person if a petition has been filed under the Nebraska Juvenile Code and the court finds that such conduct is or may be detrimental or harmful to the juvenile, the court must, before doing so, accord the person affected due process. Before such an order is issued, § 43-2,107 requires that the person to be restrained or whose conduct is to be *756 controlled receives (1) notice that such an order is requested or contemplated and (2) an opportunity to be heard on the propriety of issuing such an order. The opportunity to be heard, described in § 43-2,107, means a meaningful opportunity to be heard.
Unless an affected person agrees to the entry of a restraining or conduct-controlling order under § 43-2,107, a valid permanent order must have a factual basis for its issuance. The court must arrive at that factual basis from exhibits properly received in evidence, sworn testimony, facts stipulated by the person affected, or the admission of facts in open court by the person affected justifying issuance of the order. A court reporter must keep a proper verbatim record of the proceedings and preserve it for appellate review. See State v. Bradley, 236 Neb. 371, 461 N.W.2d 524 (1990).
The proceedings of October 20 provided little, if any, semblance of a due process hearing. Assuming arguendo that K.T. was present at the hearing, the record reflects that (1) he was never provided a meaningful opportunity to be heard, (2) no evidence was adduced under oath, (3) no facts were stipulated by K.T., (4) no exhibits were properly received in evidence, (5) no admissions were made by K.T., and (6) there is no record that K.T. ever agreed to the entry of the order of October 20. K.T. was not afforded the safeguards against arbitrary action by a court.
Because K.T.'s due process rights in connection with the hearing were not accorded to him, the juvenile court's October 20 order was invalid from its inception and had no binding effect upon K.T.
Under the circumstances, it was plain error for the juvenile court to order K.T. to show cause why he should not be held in contempt of court for failing to obey the juvenile court order of October 20, 1989. For the reasons stated herein, the juvenile court judge's vacation of his show cause order, even though on other grounds, is affirmed. A correct result will not be set aside merely because it is based upon reasons which may be incorrect. See In re Application A-16642, 236 Neb. 671, 463 N.W.2d 591 (1990).
AFFIRMED.