BERT CATTLE COMPANY, INC., AND STANLEY D. BERT, APPELLANTS, V. JAY W. WARREN ET AL., APPELLEES.

471 N.W.2d 764

Filed July 19, 1991.   No. 88-986.

Ronald L. Eggers and Robert D. Kinsey, of Heron, Burchette, Ruckert & Rothwell, for appellants.

Michael A. Nelsen, of Dixon & Dixon, P.C., for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and RONIN, D.J., Retired.

PER CURIAM.

The plaintiffs appeal the district court for Douglas County's refusal to vacate its earlier order dismissing the plaintiffs' second amended petition and refusal to permit the plaintiffs to file a third amended petition. We affirm.

Bert Cattle Company, Inc., and Stanley D. Bert, herein collectively designated "Bert," brought an action in the district court for Douglas County against Jay W. Warren; J & W Cattle Company; J. W. Cattle Corporation; Jay W. and Mabel M. Warren, in their capacity as the coexecutors of the estate of Ward B. Warren, deceased; and the Home National Bank of Arkansas City, Kansas. All defendants are hereinafter referred to as "Warren."

In an amended petition filed on June 25, 1987, Bert alleged in substance (1) that a third party converted the plaintiffs' funds; (2) that the proceeds from those funds, which were subject to a constructive trust for the benefit of the plaintiffs, were transferred to one or more of the defendants; and (3) that there should be an accounting. On July 23, 1987, the defendants demurred to the amended petition, claiming that another action was pending between the same parties for the same cause and that the petition did not state facts sufficient to constitute a cause of action. See Neb. Rev. Stat. § 25-806 (Reissue 1989). The district court, on September 14, 1987, sustained the demurrer and granted the plaintiffs 10 days to file another amended petition.

On September 24, 1987, Bert filed a second amended petition, which in essence contained the same allegations as the amended petition. Warren, on April 12, 1988, demurred on three grounds: (1) The petition failed to allege facts sufficient to state a cause of action, (2) there was a defect of parties defendant, and (3) another action was pending between the same parties for the same cause. Without specifying the basis for its ruling, the district court entered an order on April 28, 1988, sustaining Warren's demurrer and granting Bert 2 weeks to file a third amended petition.

During the 2-week period allowed by the court to file a third amended petition, Bert took no action. Neither did Bert file a notice of appeal within 30 days of April 28, 1988. See Neb. Rev. Stat. § 25-1912 (Reissue 1989). Instead of complying with the trial court's order of April 28, 1988, Bert waited until some $4^{1}/_{2}$ months later to take any action. On September 13, 1988, Bert filed a motion for leave to file a third amended petition. At the hearing on Bert's motion, the court denied Bert leave to file a third amended petition and then sustained Warren's motion to dismiss the action. We infer that Warren's motion to dismiss was made orally, since the record's only mention of Warren's motion is the court's notation as a docket entry: "Defendant's motion to dismiss sustained." Our inference about the oral motion is supported by Warren's statement in their brief: "Warren orally moved to dismiss the case. The Trial Court sustained that motion." Brief for appellees at 3.

Bert timely filed a motion for a new trial. During a hearing on the motion for a new trial, Bert tendered a third amended petition. The district court, after consideration of that amended petition, entered an order stating that Bert's "motion for new trial [was] argued and overruled." Bert timely appealed the overruling of its motion for a new trial.

Bert's three assignments of error merge to allege that (1) the district court erred in sustaining Warren's demurrer to Bert's second amended petition and (2) the district court erred by overruling Bert's motion for a new trial, that is, the court's refusal to reinstate the action and allow Bert to file a third amended petition. As it is well established that one must stand on a pleading against which a demurrer has been sustained in order to preserve the right to appeal the decision on the particular demurrer, *Raskey v. Michelin Tire Corp.*, 223 Neb. 520, 391 N.W.2d 123 (1986), we address solely the second assignment of error.

Much has been made in this case concerning Warren's failure to disclose the reasons for its motion to dismiss and the district court's failure to state its reason for sustaining Warren's motion to dismiss. The party appealing has the responsibility for making an appropriate record in a proceeding to be reviewed by an appellate court and for providing the appellate court with a

basis for addressing an issue or answer a question presented in a trial court. See, *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991); *State v. Schaneman*, 235 Neb. 655, 456 N.W.2d 764 (1990); *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986). The responsibility for preserving for appellate review a judge's reasons concerning a particular ruling is not upon the judge, but is squarely upon a party challenging the ruling. *In the absence of an appropriate motion, a trial court is not required to give any reasons for its rulings. Peitz v. Hausman*, 198 Neb. 344, 252 N.W.2d 628 (1977). Here, Bert made no such motion.

If Bert had assumed the responsibility of preserving a record for appeal, the matter could have been approached in either one of two ways. First, Bert could have requested that the trial court require Warren to place on the record the reason for the motion to dismiss. Second, Bert could have made an appropriate motion for the trial court to give its reasons for its dismissal ruling. See *Peitz, supra*.

It is elementary that a correct ruling of the trial court will not be reversed merely because the trial court announced a wrong reason. *Id*. See, also, *In re Interest of G.G. et al.*, 237 Neb. 306, 465 N.W.2d 752 (1991). It follows, therefore, that this court will not presume, when a trial court fails to state a reason for the dismissal of an action, that the dismissal was based on an invalid ground.

Guided by the above-cited principles, a proper reason for the court's dismissal of Bert's action becomes immediately apparent. It is provided in Neb. Rev. Stat. § 25-601 (Reissue 1989) that "[a]n action may be dismissed without prejudice to a future action . . . (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action." Not only may a court sua sponte dismiss an action without prejudice under § 25-601(5), but a defendant may file a motion to dismiss without prejudice under that subdivision. See *Rosnick v. Renstrom*, 210 Neb. 759, 316 N.W.2d 765 (1982).

Applicable to this case is the following language from *Rosnick, supra* at 761, 316 N.W.2d at 767 (quoting *Scudder v. Haug*, 197 Neb. 638, 250 N.W.2d 611 (1977)):

" '[I]t has almost universally been held or recognized that courts have the inherent power to dismiss an action for

disobedience of a court order. . . . Without this right, a court could not control its dockets; business before it would become congested; its functions would be impaired; and speedy justice to litigants would largely be denied.' "

In this case, the trial court had ample reason to dismiss Bert's petition for failure to comply with the court's order. The court granted Bert 2 weeks to amend its second amended petition. Instead, Bert waited well over 4 months to file its motion to file what would have been its fourth petition. The trial court did not abuse its discretion in dismissing Bert's action for disobedience of its order. See *Vodehnal v. Grand Island Daily Independent*, 191 Neb. 836, 218 N.W.2d 220 (1974) (it is within the discretion of the trial court to dismiss a petition for disobedience).

Warren's counsel at oral argument before this court disavowed that the dismissal was a sanction for disobedience. However, this court is not bound by a counsel's characterization on a question of law. From the record made in this case, counsel is in no better position than this court to know the reason for the trial court's dismissal of Bert's action.

No verbatim record has been presented to this court of the hearing of September 28, 1988, on Bert's motion for leave to file a third amended petition. Nor was there any documentation filed at that time as to any reason why Bert's motion for leave to file an amended petition was not filed sooner. It is true that an excuse for the failure to file a third amended petition was presented at the hearing on Bert's motion for a new trial. However, although that information must have been available on September 13, 1988, Bert sat on the excuse and did not present it to the judge at the hearing on September 28, 1988. Certainly, the reason for Bert's failure to comply with the trial court's order of April 28, 1988, cannot be considered as newly discovered evidence as grounds for a new trial under Neb. Rev. Stat. § 25-1142(7) (Reissue 1989). The trial court did not abuse its discretion in overruling Bert's motion for a new trial. See *DeCamp v. Lewis*, 231 Neb. 191, 435 N.W.2d 883 (1989).

The judgment of the district court for Douglas County is affirmed.

AFFIRMED.

CAPORALE, J., not participating.

SHANAHAN, J., dissenting.

Involved in this appeal is a courtroom conundrum: a dismissal order, which expresses no reason for the dismissal, entered in response to a pretrial motion which failed to specify a ground for dismissal.

We start with the established procedural principle: "A pretrial motion to dismiss is not permissible as a pretrial pleading but may sometimes be recognized as a demurrer on stipulation of the parties or by rule of court." *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 256, 383 N.W.2d 36, 40 (1986). See, also, *Nelson v. Sioux City Boat Club*, 216 Neb. 484, 344 N.W.2d 634 (1984); *Blitzkie v. State*, 216 Neb. 105, 342 N.W.2d 5 (1983). In Bert's case, nothing indicates that Warren's dismissal motion attained the stature or character of a demurrer, perhaps because the court sustained Warren's demurrer to Bert's last amended petition, leaving no petition pending before the court at the time of Warren's motion. Whatever may have been the premise for Warren's pretrial dismissal motion, a basis which appears nowhere in the record, a pretrial dismissal motion is, generally, unavailable under Nebraska's code of civil procedure.

Without addressing the limited availability of a pretrial dismissal motion, the majority attempts to salvage the dismissal by asserting that the district court's judgment was correct, although "the trial court announced a wrong reason." Since the district court expressed no reason whatsoever for the dismissal, Bert's appeal tests the tensile strength of the preceding principle invoked by the majority for appellate review. For that reason, the majority delves into Nebraska's civil procedure in search of possible justification for dismissal of Bert's action.

The majority observes that Bert did not appeal from the district court's sustaining of Warren's demurrer on April 28, 1988. Of course, there was not a dismissal at that point; hence, a sustained demurrer, without dismissal of the action, presented no final order subject to appellate review. See, *Snell v. Snell*, 230 Neb. 764, 433 N.W.2d 200 (1988); *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987);

*Standard Federal Savings & Loan Assn. v. Meins,* 226 Neb. 853, 415 N.W.2d 462 (1987); *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980).

Then, the majority chides Bert's failure to "require Warren to place on the record the reason for the motion to dismiss." A motion to make an opponent's motion more definite and certain? That new development, now recognized as a part of Nebraska civil procedure, may turn out to be the greatest innovation since sliced bread. A more likely result, however, will be pettifogging, vaulted to the forefront of a legal system which is supposed to resolve disputes and not, reminiscent of the Jarndyce case in "Bleak House," prolong a dispute into perpetuity.

Next, although the district court's dismissal order contains nothing but silence as the basis for dismissal of Bert's action, the majority asserts that it is "immediately apparent" that dismissal was a sanction for Bert's "failure to comply with the court's order" entered on April 28, 1988, that is, dismissal on the basis of Neb. Rev. Stat. § 25-601(5) (Reissue 1989) (a plaintiff's disobedience to an order concerning proceedings in an action). However, Warren does not argue that dismissal of Bert's action was a sanction for disobedience to the order regarding an amended petition within the 2-week period allowed for repleading. In fact, during oral argument in this appeal and in direct response to inquiry from this court, Warren's lawyer disavowed that the dismissal was a sanction for disobedience to, or failure to comply with, the court's order concerning Bert's further pleading. The majority, nevertheless, brushes aside counsel's acknowledgment concerning the dismissal and concludes that "counsel is in no better position than this court to know the reason for the trial court's dismissal of Bert's action." In that manner, the majority asks: What do lawyers know about cases they try?

Bert's case involves an appellate exercise in the attempt to ascertain, as the majority concedes, "the reason for the trial court's dismissal of Bert's action." Although the majority has embarked on a journey through Nebraska's civil procedure to find a sustainable basis for dismissal of Bert's action, an appellate court should not have to make that trip. In searching

for an unspecified, but possibly justifiable, basis for sustaining the trial court's action, an appellate court runs the risk of becoming an advocate in a search for some plausible and valid basis for the very judgment or decision under review. In this appeal, none, except this court, believed and considered that the dismissal order was a sanction pursuant to § 25-601(5). Until the majority's opinion in this appeal, Bert has never been openly confronted with the sanction issue. Therefore, how do litigants, especially an appellant, present an analysis and argument concerning a generic dismissal motion and a subsequent judgment founded on a secret basis used by the trial court? Truly, the movant and the trial court are "[s]hips that pass in the night," assuming that court and counsel are even on the same procedural surface. To avoid that situation, there should be a rather fundamental and simple rule: A defendant's dismissal motion or pleading for dismissal of a plaintiff's action, when authorized by a statute governing civil procedure or a rule of practice in civil actions, must adequately express a ground which entitles the defendant to a dismissal based on the ground specified. See, *McLearn v Cowen & Co.*, 60 N.Y.2d 686, 455 N.E.2d 1256, 468 N.Y.S.2d 461 (1983); *Moravek v. Davenport Community Sch. Dist.*, 262 N.W.2d 797 (Iowa 1978); *Hoyle v. City of Charlotte*, 276 N.C. 292, 172 S.E.2d 1 (1970); *Bolin v. Anders*, 559 S.W.2d 235 (Mo. App. 1977); *City Nat. Bank of Miami v. Simmons*, 351 So. 2d 1109 (Fla. App. 1977).

A rationale for the preceding rule is readily apparent: An authorized pleading or other recognized and acceptable practice, especially those designed for pretrial disposition of an action without a determination on the merits of a claim, must provide suitable information to the plaintiff so that a procedural deficiency in the proceeding may be corrected or remedied if permissible and possible. Cf., *Meyerson v. Coopers & Lybrand*, 233 Neb. 758, 762, 448 N.W.2d 129, 133 (1989) (a trial court's undisclosed reason for sustaining a multiground demurrer "makes it somewhat difficult to identify and analyze the question presented" to an appellate court); *Clyde v. Buchfinck*, 198 Neb. 586, 254 N.W.2d 393 (1977) (demurrer, containing several grounds, sustained without specification of

a reason for the ruling). The suggested rule procedurally identifies the dismissal question for a trial court and reduces the likelihood of an appellate court's advocacy necessarily involved in searching for a justifiable basis which is undisclosed and, therefore, lacking in a trial court's dismissal order. Without the suggested rule, this court encourages a helter-skelter approach to civil procedure regarding dismissal motions, disorder which will unnecessarily vex courts, both at trial and appellate levels, and thoroughly bewilder litigants.

The district court's dismissal of Bert's action is untenable and deprived Bert of the substantial right to a disposition of asserted claims according to law. In short, the district court abused its discretion in dismissing Bert's action. Therefore, the district court's judgment should have been set aside and this cause remanded to the district court with direction to reinstate Bert's action and allow Bert to file the third amended petition.