# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3417

_____

| | | |
|---|---|---|
| Marlin E. Jones, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Terry L. Burns, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: February 24, 2009
Filed: May 12, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Nebraska resident Marlin Jones filed a complaint based on diversity jurisdiction against Iowa resident Terry Burns, in which he raised a claim of libel based on a letter that Burns had written to a Housing and Urban Development official who was investigating Jones's eviction from low-income housing. Jones sought $1 million in actual, compensatory, and punitive damages. Although the parties filed cross-motions for summary judgment on the merits, the district court sua sponte dismissed the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), concluding that it appeared to a legal certainty that the amount in controversy did not exceed $75,000. Jones appeals. We reverse and remand for further proceedings.

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). A complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim does not exceed $75,000, and we review such a dismissal de novo. See Advance America Servicing of Arkansas, Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008).

Although Jones cannot receive punitive damages, see Braesch v. Union Ins. Co., 464 N.W.2d 769, 777 (Neb. 1991) (punitive damages are not allowed in Nebraska), disapproved of on other grounds, Wortman v. Unger, 578 N.W.2d 413 (1998), he can seek special damages, as well as damages for harm to his reputation and mental suffering, see McCune v. Neitzel, 457 N.W.2d 803, 811 (Neb. 1990) (listing damages that can be recovered in defamation action). Much of the information in the record concerns the related matter of Jones's eviction, but Jones alleged that the letter at issue caused him mental anguish, injured his good name and reputation, and damaged his relationship with the Department of Housing and Urban Development and with a senator whom he had contacted for help. He also submitted letters from his treating mental-health professionals in which they indicated that his depression had been exacerbated by the allegedly false statements in the letter, which, among other things, accused him of extortion.

We express no opinion on whether Jones will be able to recover more than $75,000 in damages, but we cannot say at this point in the litigation that it appears to a legal certainty that Jones cannot recover more than $75,000, see McCune, 457 N.W.2d at 811 (due to interests involved in defamation action and difficulty of proof, amount of damages is almost entirely in jury's discretion), particularly where he was not given the opportunity to present evidence related to damages, cf. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (noting

that if court questions whether amount alleged is legitimate, party invoking federal jurisdiction must prove requisite amount by preponderance of evidence).

Accordingly, we reverse the district court's dismissal order and remand for further proceedings. We deny Jones's motion on appeal to file supplemental evidence.[1]

_____

[1]We reject as meritless Jones's remaining arguments, including his contention that the district court abused its discretion in denying his motions for appointment of counsel and for recusal.