TRENT WORTMAN, BY AND THROUGH HIS NEXT FRIEND
AND MOTHER, GLORIA WORTMAN, APPELLEE, V.
DANNA UNGER, APPELLANT.
578 N.W. 2d 413

Filed May 1, 1998.    No. S-96-1225.

Daniel L. Lindstrom and Jeffrey H. Jacobsen, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

James J. Paloucek, of Norman & Paloucek Law Offices, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

STEPHAN, J.

The parties, Trent Wortman (Wortman), by and through his next friend and mother, Gloria Wortman, and Danna Unger, settled this personal injury case with a stipulated judgment subject to judicial determination of the amount of prejudgment and postjudgment interest, if any. The sole issue on appeal is whether a written settlement offer communicated on Wortman's behalf prior to the commencement of this action complied with Neb. Rev. Stat. § 45-103.02 (Cum. Supp. 1996) so as to entitle Wortman to prejudgment interest computed from the date of the offer. The district court for Lincoln County held that it did. We agree and therefore affirm.

## FACTS

The facts are not disputed. On June 17, 1995, Unger was driving a pickup truck in which Wortman was a passenger, when the truck rolled over on a county road in Red Willow County, Nebraska. As a result of the accident, Wortman suffered a severe spinal injury which resulted in permanent quadriplegia. At the time of the accident, Unger was insured by State Farm Mutual Automobile Insurance Company (State Farm).

On February 2, 1996, Wortman's attorney sent a letter to Deb O'Malley, a State Farm claims representative, offering to settle

Wortman's claim against Unger for $1.2 million and a waiver of State Farm's claim for reimbursement of payments made under its medical payment coverage. The letter was sent by certified mail, return receipt requested, and received by O'Malley on February 5. The letter recited that it was being sent "in order to comply with the requirements of Neb. Rev. Stat. § 45-103.02 (Cum.Supp. 1994) setting forth the procedure for obtaining prejudgment interest." However, the letter did not specifically state that it was an "offer to allow judgment." Wortman's attorney requested a reply within 60 days.

When this offer was not accepted, Wortman filed a petition in the district court for Lincoln County on May 2, 1996, alleging that he sustained injuries and damage as a result of the June 17, 1995, accident which were caused by Unger's negligence. The petition included a claim for prejudgment interest, based upon an allegation that the February 2, 1996, settlement offer was sent "for purposes of complying with the service provisions of Neb. Rev. Stat. § 45-103.02 (1994 Cum.Supp.)" and was not accepted.

On October 9, 1996, approximately 6 months after Wortman's petition was filed, Wortman and Unger filed a written stipulation which stated:

> The parties stipulate that, for purposes of determining entitlement to prejudgment interest pursuant to Neb. Rev. Stat. § 45-103.02 (1994 Cum.Supp.) in this lawsuit, the service on February 5, 1996, of the letter from [Wortman's attorney] to Deb O'Malley dated February 2, 1996, a copy of which is attached to the plaintiff's Petition, by certified mail, return receipt requested, was the equivalent of that offer being made in writing and being served upon the defendant on February 5, 1996, by certified mail, return receipt requested.

On the same day, Wortman's attorney sent a letter to Unger's attorney which stated in part:

> My clients have authorized me to make a proposal for resolution of this matter. This proposal is being provided to you by certified mail, return receipt requested, in order to comply with the provisions of Neb. Rev. Stat. § 45-103.02 (1994 Cum. Supp.). My clients will allow judgment to be entered in this case in the principal amount

of $1.4 million, the taxable costs of the case, and any interest (prejudgment and/or postjudgment) to which they would be entitled upon judgment being entered in the principal amount of $1.4 million. . . . Our position is that, once judgment is entered in the principal amount of $1.4 million, the offer for settlement contained in the February 2, 1996, letter to Deb O'Malley entitles my clients to prejudgment interest on $1.2 million from February 2, 1996, until the date the judgment is entered and that postjudgment interest will accrue after that until the judgment is paid. . . . If we are unable to agree on entitlement to interest, we are willing to let the district court decide what, if any, interest award is appropriate upon judgment being entered in the principal amount of $1.4 million.

This letter was sent by facsimile as well as "certified mail, return receipt requested, as required by § 45.103.02 . . . ."

In a letter dated October 15, 1996, Unger's attorney agreed to accept Wortman's offer to allow judgment to be taken in the principal amount of $1.4 million and the taxable costs of the case, subject to the condition that Wortman's claimed entitlement to prejudgment and postjudgment interest would be submitted to the court for determination. On October 23, Wortman and Unger filed a stipulation for judgment to be entered against Unger in the amount of $1.4 million taxable costs, and "[p]rejudgment and/or postjudgment interest, if any, to which [Wortman] is entitled upon entry of judgment in the amount of $1,400,000.00 and costs." Wortman moved for prejudgment interest, based upon Unger's failure to accept his February 2 settlement offer. Following a hearing on November 4, the district court held that Wortman had complied with § 45-103.02 and was entitled to prejudgment interest computed from February 2. Pursuant to this finding and the stipulation of the parties, the district court then entered judgment in favor of Wortman and against Unger in the amount of $1.4 million, taxable costs, prejudgment interest in the amount of $57,413.26, and postjudgment interest. Unger appealed, and pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals, we removed the matter to our docket on our own motion.

## ASSIGNMENT OF ERROR

Unger contends that the district court erred in awarding prejudgment interest to Wortman pursuant to § 45-103.02.

## STANDARD OF REVIEW

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Abboud v. Papio-Missouri River NRD*, 253 Neb. 514, 571 N.W.2d 302 (1997); *Bank of Papillion v. Nguyen*, 252 Neb. 926, 567 N.W.2d 166 (1997); *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997).

## ANALYSIS

Wortman's award of prejudgment interest is based upon § 45-103.02, which provides:

(1) Except as provided in section 45-103.04, interest as provided in section 45-103 shall accrue on the unpaid balance of unliquidated claims from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the rendition of judgment if all of the following conditions are met:

(a) The offer is made in writing upon the defendant by certified mail, return receipt requested, to allow judgment to be taken in accordance with the terms and conditions stated in the offer;

(b) The offer is made not less than ten days prior to the commencement of the trial;

(c) A copy of the offer and proof of delivery to the defendant in the form of a receipt signed by the party or his or her attorney is filed with the clerk of the court in which the action is pending; and

(d) The offer is not accepted prior to trial or within thirty days of the date of the offer, whichever occurs first.

(2) Except as provided in section 45-103.04, interest as provided in section 45-104 shall accrue on the unpaid balance of liquidated claims from the date the cause of action arose until the rendition of judgment.

We have held that with respect to a cause of action accruing after its effective date, prejudgment interest cannot be awarded

to a litigant who has failed to comply with the requirements of this statute. *IBP, inc. v. Sands*, 252 Neb. 573, 563 N.W.2d 353 (1997); *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995); *Schlake v. Jacobsen*, 246 Neb. 921, 524 N.W.2d 316 (1994); *Sayer v. Bowley*, 243 Neb. 801, 503 N.W.2d 166 (1993); *Elson v. Pool*, 235 Neb. 469, 455 N.W.2d 783 (1990). In each of these cases, there was no evidence of compliance with any of the requirements of § 45-103.02.

In this case, it is undisputed that the offer to settle for $1.2 million was made in writing and served by certified mail, return receipt requested, as required by § 45-103.02(1)(a), and that a copy of the offer and proof of delivery were subsequently filed with the court as required by § 45.103.02(1)(c). Unger contends, however, that the offer did not comply with the statute in other respects and that such noncompliance precludes an award of prejudgment interest. Our examination of this contention is governed by the rule that in construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction that would defeat it. *Slagle v. J.P. Theisen & Sons*, 251 Neb. 904, 560 N.W.2d 758 (1997); *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996). Moreover, a sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent. *State v. Kincaid*, 235 Neb. 89, 453 N.W.2d 738 (1990); *Bayer v. Father Flanagan's Boys' Home*, 219 Neb. 824, 366 N.W.2d 760 (1985); *Wiseman v. Keller*, 218 Neb. 717, 358 N.W.2d 768 (1984). The parties agree that the "purpose of the prejudgment interest statute is to promote settlement efforts outside a trial setting and to prevent frivolous delay." Brief for appellant at 13. Accord, brief for appellee at 8.

Unger argues that the February 2, 1996, settlement offer did not comply with § 45-103.02(1)(a) because it did not explicitly offer " 'to allow judgment to be taken,' " brief for appellant at 9, and that even if this phrase had been included, it was ineffective because there was no pending action at the time Wortman communicated the offer. However, the February 2 letter included four references to § 45-103.02 and clearly reflected that it was

intended as a settlement offer made pursuant thereto. By its specific reference to the statute, the letter clearly placed Unger on notice that acceptance of the proposal would require her to allow a judgment to be taken in the amount of the demand and that failure to do so could result in liability for prejudgment interest. Therefore, we conclude that Wortman's February 2 settlement offer complied with § 45-103.02, notwithstanding the absence of the phrase "allow judgment to be taken."

There is no specific statutory requirement that a settlement offer pursuant to § 45-103.02 must be made during the pendency of litigation in order to serve as the basis for recovery of prejudgment interest. In *Braesch v. Union Ins. Co.*, 237 Neb. 44, 464 N.W.2d 769 (1991), we noted in dicta that in the context of § 45-103.02, an "offer of settlement of a lawsuit assumes that an action has been filed." 237 Neb. at 54, 464 N.W.2d at 775. However, in *Luedke v. United Fire & Cas. Co.*, 252 Neb. 182, 561 N.W.2d 206 (1997), in which we held that uninsured motorist benefits could not be reduced by workers' compensation benefits received by the policyholder, we directed the district court to enter a judgment which exceeded a settlement offer made prior to the filing of the action and, further, directed an award of prejudgment interest pursuant to § 45-103.02. While it is true that *Luedke* did not squarely present the issue of whether an offer of settlement communicated prior to the filing of a lawsuit complied with § 45-103.02 so as to permit a subsequent award of prejudgment interest, our holding implicitly answered the question in the affirmative, and we now hold that to be a correct interpretation of the law.

Interpreting the scope of § 45-103.02 narrowly to include only settlement offers made during the pendency of lawsuits would be contrary to the statutory purpose of encouraging prompt resolution of disputes. If a settlement offer made pursuant to § 45-103.02 is accepted before the filing of an action asserting the claim, the parties may "allow judgment to be taken" by filing a petition, voluntary appearance, and stipulation for consent judgment in the amount agreed upon; or, the parties may use the procedure for judgment by confession set forth in Neb. Rev. Stat. § 25-1309 et seq. (Reissue 1995). Therefore, we hold that an offer to settle a claim pursuant to

§ 45-103.02 may be made either before or after the commencement of an action asserting the claim. Language contained in *Braesch v. Union Ins. Co., supra,* suggesting otherwise is expressly disapproved.

Next, Unger argues that the February 2, 1996, settlement offer did not comply with § 45-103.02(1)(d) because it requested a reply within 60 days rather than 30 days as specified by the statute. We disagree. The fact that Unger was given more time to evaluate Wortman's settlement offer than the statute required does not support a contention that Wortman failed to comply with the statute.

Finally, we reject Unger's argument that no prejudgment interest is due by virtue of the fact that Wortman's claim was eventually resolved by a stipulated judgment as opposed to a trial on the merits. Section 45-103.02 clearly states that a party is entitled to interest on the unpaid balance of unliquidated claims "from the date of the plaintiff's first offer of settlement which is exceeded by the judgment until the rendition of judgment" if the settlement offer is made in compliance with statutory conditions. The statute does not differentiate between a judgment reached by agreement and one rendered following trial. This construction of § 45-103.02 should not, contrary to Unger's suggestion, discourage parties from settling claims. To the contrary, an award of prejudgment interest as a consequence of settling later rather than sooner is consistent with the essential purpose of § 45-103.02, which is to encourage prompt resolution of disputes.

We find no error in the award of prejudgment interest by the district court and therefore affirm its judgment.

AFFIRMED.