Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/06/2021 08:09 AM CDT

- 678 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

MILLARD GUTTER COMPANY, A CORPORATION
DOING BUSINESS AS MILLARD ROOFING AND
GUTTER, APPELLANT, v. FARM BUREAU
PROPERTY & CASUALTY INSURANCE
COMPANY, APPELLEE.

___ N.W.2d ___

Filed March 30, 2021.    No. A-19-1089.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

3. **Pleadings: Appeal and Error.** An order of the district court requiring a petition to be made more definite and certain will be sustained on appeal unless it clearly appears that the court abused its discretion.

4. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

5. **Actions: Insurance: Parties.** A first-party bad faith cause of action is based upon allegations that the insurer, in bad faith, refuses to settle with its own policyholder insured, who thereby suffers some type of direct loss.

6. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and

- 679 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.

7. **Actions: Pleadings.** The rationale for a liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.

8. **Breach of Contract: Pleadings: Proof.** In a breach of contract action, a plaintiff need only plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty.

9. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Reversed and remanded for further proceedings.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Raymond E. Walden and Michael T. Gibbons, of Woodke & Gibbons, P.C., L.L.O., for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Millard Gutter Company, a corporation doing business as Millard Roofing and Gutter (Millard Gutter), appeals from an order of the district court for Douglas County dismissing its amended complaint against Farm Bureau Property & Casualty Insurance Company (Farm Bureau) without prejudice. On appeal, Millard Gutter argues that the district court erred in dismissing its bad faith claims against Farm Bureau, in ordering it to file a second amended complaint, and in dismissing the amended complaint sua sponte when Millard Gutter failed to file a second amended complaint. For the reasons that follow, we reverse, and remand for further proceedings.

- 680 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

## BACKGROUND

On April 9, 2018, Millard Gutter filed a complaint in the district court against Farm Bureau. Millard Gutter alleged that it was "the assignee of various insured property owners, who purchased insurance from [Farm Bureau]." The complaint stated only that the assignments were "associated with the 2013 storms" and did not otherwise identify the policies or the insureds at issue. Millard Gutter alleged that Farm Bureau was in breach of contract for failing to pay Millard Gutter pursuant to these assignments. Further, Millard Gutter alleged bad faith and claimed prejudgment and postjudgment interest, as well as attorney fees.

Subsequently, Farm Bureau filed a motion to enforce prior rulings, a motion to dismiss Millard Gutter's bad faith claims, a motion for a more definite statement regarding the breach of contract claims, a motion to strike, and a motion to sever. These motions are not contained in the record before this court. Before the district court ruled on Farm Bureau's motions, Millard Gutter filed an amended complaint. The amended complaint identified the names and addresses of 20 individuals who had assigned their rights to payment under their insurance policies to Millard Gutter, as well as the dates of the assignments.

Following the submission of briefs, the district court ruled on Farm Bureau's pending motions on April 29, 2019. As relevant to this appeal, the district court granted Farm Bureau's motion to dismiss Millard Gutter's bad faith claims. The court reasoned that inchoate bad faith claims cannot be assigned and that there were no allegations in the amended complaint regarding whether "any homeowner had made a bad faith claim against [Farm Bureau] at the time of the assignment, which may have been a 'present interest' assigned to [Millard Gutter]." The district court additionally sustained Farm Bureau's motion for a more definite statement "as to the date of the alleged breaches of contract so that Farm Bureau [could] assess any potential statute of limitations defenses."

- 681 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

Millard Gutter was ordered to file a second amended complaint within 30 days.

Millard Gutter did not file a second amended complaint, and on October 16, 2019, the district court entered an order dismissing the case without prejudice. This appeal followed.

ASSIGNMENTS OF ERROR

Millard Gutter assigns that the district court erred in (1) dismissing its bad faith claims against Farm Bureau, (2) ordering it to file a second amended complaint, and (3) dismissing the amended complaint.

STANDARD OF REVIEW

[1,2] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Schaeffer v. Frakes*, 306 Neb. 904, 947 N.W.2d 714 (2020). To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Id.* In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id.*

[3,4] An order of the district court requiring a petition to be made more definite and certain will be sustained on appeal unless it clearly appears that the court abused its discretion. *Christianson v. Educational Serv. Unit No. 16*, 243 Neb. 553, 501 N.W.2d 281 (1993). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020).

- 682 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

## ANALYSIS

*Bad Faith Claims.*

Millard Gutter argues that the district court erred in granting Farm Bureau's motion to dismiss its bad faith claims for failure to state a claim. The district court found that Millard Gutter had not alleged any acts of bad faith committed by Farm Bureau prior to the dates of the assignments, nor were there allegations that any homeowner had made a bad faith claim against Farm Bureau prior to the assignments. The district court ultimately held that "an inchoate claim for bad faith cannot be assigned." Additionally, the court found that the complaint alleged only that the insureds had assigned the "proceeds under policies of insurance" to Millard Gutter and that the complaint failed to allege that the insureds had assigned related tort claims for bad faith.

Millard Gutter argues that the district court's analysis was "inconsistent with the standards that should be employed in examining a motion to dismiss." Brief for appellant at 9. Millard Gutter argues that at the pleadings stage of a case, a plaintiff need only state a claim that was "'plausible on its face,'" and that therefore, the district court erred in concluding Millard Gutter had failed to state a claim as a matter of law. *Id.* (emphasis omitted).

In support of its position, Millard Gutter claims that after the assignments were made, it "stood in the shoes of . . . each of the insureds" under the original contract, and that under the contract, Farm Bureau had a continuing obligation to adjust the insureds' claims in good faith and to make prompt payments to Millard Gutter as assignee. Brief for appellant at 11. Millard Gutter further alleges that its bad faith claims, as pled in its complaint, were sufficiently plausible and could have been further developed with the aid of discovery.

[5] Millard Gutter correctly asserts that Nebraska courts have recognized a first-party bad faith cause of action. The tort of bad faith "is based upon allegations that the insurer, in bad faith, refuses to settle with its own policyholder insured,

- 683 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

who thereby suffers some type of direct loss." *Braesch v. Union Ins. Co.*, 237 Neb. 44, 54, 464 N.W.2d 769, 776 (1991), *disapproved on other grounds, Wortman v. Unger*, 254 Neb. 544, 578 N.W.2d 413 (1998). The tort of first-party bad faith "is based on the covenant of good faith and fair dealing which, in turn, is premised on a contractual relationship." *Id.* at 56, 464 N.W.2d at 776. The court in *Braesch* noted that a nonpolicyholder generally does not have standing to assert a first-party bad faith claim because there is not a contractual relationship between the nonpolicyholder and the insurer.

Here, Millard Gutter is not a policyholder with Farm Bureau, and no contractual relationship exists between Millard Gutter and Farm Bureau. The court in *Braesch* held that "strangers to the contract" cannot bring first-party bad faith claims against an insurer as a policyholder and beneficiary. 237 Neb. at 55, 464 N.W.2d at 776. The district court correctly found that because Millard Gutter is a stranger to the contract, it cannot assert a traditional first-party bad faith claim against Farm Bureau.

Millard Gutter argues, however, that a bad faith claim against an insurer may be assigned by an insured. Neither this court nor the Nebraska Supreme Court has explicitly ruled on the assignability of bad faith claims or on the requirements for such an assignment. Yet, for the reasons set forth below, it is unnecessary for us to conclusively decide that issue in this case.

[6,7] Nebraska is a notice pleading jurisdiction. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017). Civil actions are controlled by a liberal pleading regime. *Id.* A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Id.* The party is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id.* The rationale for this liberal notice pleading standard is that when a party has a valid claim, he or

- 684 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id.*

In its amended complaint, Millard Gutter alleged that Farm Bureau had a contractual obligation to pay the costs of repairing the damages to the insureds' homes. Millard Gutter alleged that it was the valid assignee of the rights to proceeds under the insureds' policies and that Farm Bureau was sent proper notification of the assignments. The amended complaint went on to allege that Millard Gutter demanded payment from Farm Bureau and that Farm Bureau refused to pay either Millard Gutter or the insureds the amounts due under the policies. Finally, the complaint alleged that the "bad faith conduct" of Farm Bureau caused damage to Millard Gutter.

Upon our de novo review, accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of Millard Gutter, we determine that for the purposes of a motion to dismiss, Millard Gutter has sufficiently pled a bad faith claim under Nebraska law. The amended complaint specifically alleges that Farm Bureau failed to make payments for the insureds' losses, failed to recognize the validity of the assignments, and failed to act in good faith. These pleadings are sufficient to give Farm Bureau fair notice of the claims asserted against it. See *Tryon v. City of North Platte, supra*.

The district court correctly ascertained that at this point in the case, it is unclear whether the alleged assignments to Millard Gutter specifically include any tort claims or interest in the homeowners' insurance policies. However, this information can be determined during the discovery process. If at some point in the future, Farm Bureau learns that some or all of the insureds at issue did not validly assign to Millard Gutter the right to pursue bad faith tort claims related to their insurance policies, then an appropriate motion may be filed at that time.

Therefore, we conclude that the district court erred in granting Farm Bureau's motion to dismiss the bad faith claims.

- 685 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

*Order for More Definite Statement.*

Millard Gutter next argues that the district court abused its discretion in requiring it to make a more definite statement with respect to its breach of contract claims against Farm Bureau. Millard Gutter argues that the district court and Farm Bureau improperly treated the motion for a more definite statement "as a discovery tool" and that under notice pleading rules, its complaint sufficiently stated a cause of action for breach of contract. Brief for appellant at 20.

In its order, the district court required Millard Gutter to file a second amended complaint that included "a more definite statement as to when the alleged breach of contract is claimed to have occurred as to each insured."

[8] As stated above, Nebraska is a notice pleading jurisdiction. *Tryon v. City of North Platte*, 295 Neb. 706, 890 N.W.2d 784 (2017). Nebraska courts have established that in a breach of contract action, a plaintiff need only "plead the existence of a promise, its breach, damages, and compliance with any conditions precedent that activate the defendant's duty." See *Kotrous v. Zerbe*, 287 Neb. 1033, 1037, 846 N.W.2d 122, 126 (2014). The record shows that Millard Gutter's amended complaint met these minimal pleading requirements.

In addition to the above, Neb. Ct. R. Pldg. § 6-1109(f) states: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Nebraska's notice pleading regime is modeled after the Federal Rules of Civil Procedure, and an appellate court may look to federal decisions for guidance in interpreting state rules. See, *Eastermann v. Bose*, 296 Neb. 228, 892 N.W.2d 857 (2017); *Kellogg v. Nebraska Dept. of Corr. Servs.*, 269 Neb. 40, 690 N.W.2d 574 (2005). Similarly to Nebraska's § 6-1109(f), Fed. R. Civ. P. 9(f) states: "An allegation of time or place is material when testing the sufficiency of a pleading." Pursuant to this rule, federal courts have granted motions for a more definite statement when "a plaintiff's allegations span several years, some

- 686 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 29 Neb. App. 678

of which fall outside of the statute of limitations period." See *Meyer v. United Airlines, Inc.*, 624 F. Supp. 2d 923, 932 (N.D. Ill. 2008).

In Nebraska, a breach of contract action based on a written agreement has a 5-year statute of limitations. See Neb. Rev. Stat. § 25-205 (Reissue 2016). Millard Gutter's complaint was filed on April 9, 2018. The complaint alleged that Millard Gutter's claims against Farm Bureau were "associated with the 2013 storms." The amended complaint more specifically pled that each insured made an assignment to Millard Gutter following "an incident occurring on April 9, 2013." Based upon these allegations, the earliest any of Millard Gutter's claims against Farm Bureau could have become ripe was April 9, 2013, which is within 5 years of the date the complaint was filed. Although Millard Gutter's allegations in the complaint and amended complaint did span several years, they did not fall outside the statute of limitations period. Therefore, this case is not one in which the rule articulated in *Meyer v. United Airlines, Inc., supra*, would apply.

Under the specific circumstances of this case, we conclude that the district court abused its discretion in requiring Millard Gutter to make a more definite statement as to its claims of breach of contract against Farm Bureau.

*Order of Dismissal.*

[9] Finally, Millard Gutter argues that the district court erred in dismissing the amended complaint in its entirety without prior notice or hearing. However, because we have already determined that the district court erred in granting Farm Bureau's motion to dismiss and abused its discretion in requiring Millard Gutter to make a more definite statement, we need not consider this assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020).

## CONCLUSION

We conclude that the district court erred in granting Farm Bureau's motion to dismiss Millard Gutter's bad faith claims. We also conclude that the district court abused its discretion in requiring Millard Gutter to make a more definite statement and to file a second amended complaint. Accordingly, we reverse the district court's order and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded for
further proceedings.