Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:05 AM CST

- 629 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

MILLARD GUTTER COMPANY, A CORPORATION
DOING BUSINESS AS MILLARD ROOFING AND
GUTTER, APPELLANT, V. FARM BUREAU
PROPERTY & CASUALTY INSURANCE
COMPANY, APPELLEE.

___ N.W.2d ___

Filed October 14, 2022.    No. S-19-1089.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's
   grant of a motion to dismiss on the pleadings is reviewed de novo by
   an appellate court, accepting the factual allegations in the complaint as
   true and drawing all reasonable inferences of law and fact in favor of the
   nonmoving party.
2. **Actions: Parties: Standing: Judgments: Jurisdiction: Appeal and
   Error.** Whether a party who commences an action has standing and is
   therefore the real party in interest presents a jurisdictional issue. When a
   jurisdictional question does not involve a factual dispute, determination
   of the issue is a matter of law which requires an appellate court to reach
   a conclusion independent from the trial court.
3. **Pleadings: Appeal and Error.** An order of the district court requiring a
   complaint to be made more definite will be sustained on appeal unless it
   clearly appears that the court abused its discretion.
4. **Judges: Words and Phrases.** A judicial abuse of discretion exists when
   the reasons or rulings of a trial judge are clearly untenable, unfairly
   depriving a litigant of a substantial right and denying just results in mat-
   ters submitted for disposition.
5. **Standing: Jurisdiction: Parties.** Standing is a jurisdictional component
   of a party's case, and courts must address it as a threshold matter.
6. **Motions to Dismiss: Jurisdiction: Pleadings.** When a motion to dis-
   miss raises both subject matter jurisdiction and failure to state a claim
   as grounds for dismissal, the court should consider the jurisdictional
   grounds first and should consider whether the complaint states a claim
   for relief only if it has determined that it has subject matter jurisdiction.

- 630 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

7. **Standing: Pleadings: Evidence: Words and Phrases.** When standing is challenged at the pleadings stage, before an evidentiary hearing and before any evidence outside of the pleadings is admitted, it is deemed a facial challenge.

8. **Standing: Pleadings: Proof.** When considering a facial challenge to standing, the trial court will typically review only the pleadings to determine whether the plaintiff has alleged sufficient facts to establish standing.

9. **Insurance: Parties: Standing.** Only a policyholder has standing to bring a first-party bad faith claim against an insurer.

10. **Torts: Assignments.** The proceeds from personal injury tort actions may be validly assigned, but the right to prosecute the tort action cannot.

11. ____: ____. The right to prosecute a tort action for first-party bad faith cannot be validly assigned.

12. **Pleadings: Rules of the Supreme Court.** The purpose of a motion for a more definite statement under Neb. Ct. R. Pldg. § 6-1112(e) is to enable movants to obtain the information reasonably needed to frame a responsive pleading.

13. **Pleadings: Rules of the Supreme Court: Pretrial Procedure.** Motions for a more definite statement under Neb. Ct. R. Pldg. § 6-1112(e) should not be used as a substitute for discovery; but if additional detail is needed to make a vague complaint intelligible, or to enable the movant to determine the availability of an affirmative defense, the fact that such detail can be obtained through discovery should not preclude providing it in response to a motion for a more definite statement, so long as the detail is reasonably needed to frame a responsive pleading.

14. **Pleadings: Rules of the Supreme Court.** One moving for a more definite statement under Neb. Ct. R. Pldg. § 6-1112(e) must identify the alleged deficiencies in the pleading, specify the details being requested, and assert the inability to prepare a responsive pleading without the requested details. These requirements are designed to enable the trial court to test the propriety of the motion so that an order can be entered consistent with the limited purpose of such motions.

15. ____: ____. Motions for more definite statements under Neb. Ct. R. Pldg. § 6-1112(e) are addressed to the sound discretion of the trial court.

16. **Pleadings: Dismissal and Nonsuit: Time.** The failure to file an amended pleading within the time specified by the court's order is a basis for dismissing the action without prejudice under Neb. Rev. Stat. § 25-601(5) (Reissue 2016). Not only may a court sua sponte dismiss an action without prejudice under § 25-601(5), but a defendant may file a motion to dismiss under that subsection.

- 631 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

17. **Courts: Dismissal and Nonsuit.** In addition to the statutory authority under Neb. Rev. Stat. § 25-601 (Reissue 2016), trial courts have the inherent authority to dismiss an action for violation of a court order.

18. **Pleadings: Rules of the Supreme Court: Dismissal and Nonsuit: Time.** When an order to make more definite is not obeyed within the time fixed by the court, Neb. Ct. R. Pldg. § 6-1112(e) authorizes a trial court to strike the pleading or make such order as it deems just. Dismissal is an available sanction under such a provision and is reviewed for an abuse of discretion.

Petition for further review from the Court of Appeals, PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges, on appeal thereto from the District Court for Douglas County, KIMBERLY MILLER PANKONIN, Judge. Judgment of Court of Appeals affirmed in part, and in part reversed and remanded with directions.

Theodore R. Boecker, Jr., of Boecker Law, P.C., L.L.O., for appellant.

Michael T. Gibbons and Raymond E. Walden, of Woodke & Gibbons, P.C., L.L.O., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

In connection with a 2013 storm, Millard Gutter Company (Millard Gutter) obtained assignments of the right to insurance proceeds due under policies issued by Farm Bureau Property & Casualty Insurance Company (Farm Bureau). Millard Gutter then filed suit against Farm Bureau in its own name, as assignee, seeking to recover damages for breach of the insurance contracts and for first-party bad faith in failing to settle the insurance claims. In response to preanswer motions, the district court dismissed the claims of first-party bad faith for lack of standing and ordered Millard Gutter to file an amended complaint providing additional detail on the remaining claims. When no amended complaint was filed, the

- 632 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

court sua sponte entered an order dismissing the entire action without prejudice.

Millard Gutter appealed, and the Nebraska Court of Appeals reversed.[1] We granted Farm Bureau's petition for further review. Consistent with our opinion released today in *Millard Gutter Co. v. Shelter Mut. Ins. Co.* (*Shelter*),[2] we now in part reverse the Court of Appeals' decision and remand the matter to the Court of Appeals with directions to affirm the district court's dismissal of the first-party bad faith claims for lack of standing. We otherwise affirm the decision of the Court of Appeals.

## I. BACKGROUND

### 1. Original Complaint and Preanswer Motions

On April 9, 2018, Millard Gutter filed a complaint against Farm Bureau in the district court for Douglas County. The complaint alleged that Millard Gutter was bringing the action as "the assignee of various insured property owners, who purchased insurance from [Farm Bureau]." Without identifying the policyholders or the policies, the complaint alleged that "due to a storm occurring in 2013," various property owners sustained property loss that was covered under the Farm Bureau policies. It alleged that the property owners "assigned their right to any proceeds under policies of insurance" to Millard Gutter. The assignments were not attached to the complaint, and neither the date of the storm nor the dates of the assignments were alleged.

According to the complaint, Farm Bureau was given copies of the assignments, and claims were made for insurance proceeds owed under the policies. The complaint alleged that Farm Bureau "breached the policies by failing to pay Millard

---

[1] *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 29 Neb. App. 678, 958 N.W.2d 440 (2021).

[2] *Millard Gutter Co. v. Shelter Mut. Ins. Co., ante* p. 606, ___ N.W.2d ___ (2022).

- 633 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

[Gutter] all benefits due and owing under the policies." It also alleged that Farm Bureau "wrongfully retained money due to Millard [Gutter] and engaged in an unreasonable delay of payment" and that "[a]s a direct and proximate result of the bad faith conduct of Farm Bureau," Millard Gutter sustained harm. The complaint sought general and special damages in an unspecified amount, as well as attorney fees and prejudgment interest.

Farm Bureau responded to the complaint by filing several preanswer motions, none of which were included in the appellate record. However, as relevant to the issues on appeal, other portions of the record indicate that Farm Bureau filed (1) a motion to dismiss the bad faith claims for lack of standing and (2) a motion for a more definite statement regarding the breach of contract claims.

## 2. Amended Complaint

On the same day the hearing was held on Farm Bureau's preanswer motions, Millard Gutter filed an amended complaint. Our record indicates that all of Farm Bureau's preanswer motions were deemed to relate to the amended complaint. The amended complaint was nearly identical to the original complaint, except it identified, by name and street address, 20 Farm Bureau policyholders in Omaha, Nebraska. It alleged these policyholders suffered property damage in a hailstorm occurring on April 9, 2013, after which they "assigned their right to any proceeds under policies of insurance" to Millard Gutter "in consideration for [Millard Gutter's] agreeing to perform necessary repair work, which was accomplished . . . thereafter." None of the assignments were attached.

## 3. Hearing and Order on Preanswer Motions

Our appellate record does not include the bill of exceptions from the hearing held on Farm Bureau's preanswer motions. As such, the arguments advanced by the parties can be discerned only to the extent they are referenced in the court's written

- 634 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

order ruling on the motions. That order does not reference any evidence adduced at the hearing, so we necessarily assume the court confined its analysis to the face of the amended complaint. We limit our review accordingly.

### (a) Standing to Assert First-Party
### Bad Faith Claims

Farm Bureau moved to dismiss the first-party bad faith claims for lack of standing. According to the written order, Farm Bureau argued that Millard Gutter lacked standing to assert first-party bad faith claims because (1) only policyholders have standing to assert first-party bad faith claims under Nebraska law and (2) the assignments did not create standing to assert claims of first-party bad faith because, even if such claims could be validly assigned, the complaint contained no factual allegations suggesting the assignments from Farm Bureau's policyholders included a present interest in such claims. Farm Bureau also argued the complaint contained insufficient factual allegations to state claims for first-party bad faith.

The district court's order addressed only the standing arguments. First, it recited the rule from *Braesch v. Union Ins. Co.*[3] that only policyholders have standing to assert a first-party bad faith claim. Because Millard Gutter had not alleged it was a Farm Bureau policyholder, the district court concluded Millard Gutter lacked "standing to assert a traditional first-party bad faith claim" under Nebraska law.

Next, the court considered whether Millard Gutter had sufficiently alleged standing, as an assignee, to assert first-party bad faith claims against Farm Bureau. It observed that this court "has not explicitly ruled on the assignability of bad faith claims nor on the requirements for such an assignment," and it also observed the general rule that only a "'present interest'" can

---

[3] *Braesch v. Union Ins. Co.*, 237 Neb. 44, 464 N.W.2d 769 (1991), *disapproved on other grounds, Wortman v. Unger*, 254 Neb. 544, 578 N.W.2d 413 (1998).

- 635 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

be validly assigned.[4] It then examined the face of the amended complaint and noted allegations that the right to "proceeds under policies of insurance" had been assigned, but it found no allegations suggesting that any policyholder had a present interest in a tort action for first-party bad faith, or had assigned such an interest to Millard Gutter. The court therefore concluded that Millard Gutter had not sufficiently alleged it had standing to assert any first-party bad faith claims as assignee, and it dismissed such claims without prejudice.

### (b) Motion for More Definite Statement

According to the district court's order, Farm Bureau's motion to make more definite was directed only to the breach of contract claims. The court granted that motion, stating:

> Farm Bureau also seeks an order requiring Millard Gutter to make a more definite and certain statement as to the date of the alleged breaches of contract so that Farm Bureau can assess any potential statute of limitations defenses. This motion is sustained. Millard Gutter is ordered to file [a second] amended complaint within 30 days from the date this order is filed including a more definite statement as to when the alleged breach of contract is claimed to have occurred as to each insured.

It is undisputed that Millard Gutter did not file a second amended complaint within 30 days or at any other point during the pendency of the case.

### 4. SUA SPONTE ORDER OF DISMISSAL

In October 2019, almost 6 months after ordering Millard Gutter to file a second amended complaint, the court entered

---

[4] See, *Krohn v. Gardner*, 248 Neb. 210, 533 N.W.2d 95 (1995) (holding assignment must transfer present interest in debt, fund, or subject matter); *Craig v. Farmers Mut. Ins. Co.*, 239 Neb. 271, 273, 476 N.W.2d 529, 532 (1991) (holding transaction is assignment only when assignor intends "'to transfer a present interest in the debt or fund or subject matter'"). See, also, Neb. Rev. Stat. § 25-304 (Reissue 2016) ("[a]ssignees of choses in action assigned for the purpose of collection may sue on any claim assigned in writing").

- 636 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
312 NEBRASKA REPORTS
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

an order, sua sponte, dismissing the entire action without preju-
dice. In doing so, the order recited the procedural history of the
case, and it noted that Millard Gutter had been ordered to file
a second amended complaint and had failed to do so within the
time fixed by the court.[5] Millard Gutter did not move to vacate
the dismissal and reinstate the case, and instead, it timely
appealed from the order of dismissal.

### 5. COURT OF APPEALS

Before the Court of Appeals, Millard Gutter assigned,
restated, that the district court erred by (1) dismissing the
first-party bad faith claims for lack of standing, (2) granting
the motion to make more definite and ordering Millard Gutter
to file a second amended complaint alleging the dates of the
alleged breaches of contract, and (3) sua sponte dismissing the
amended complaint without notice or a hearing.

In its analysis, the Court of Appeals agreed with the district
court that because Millard Gutter was not a policyholder and
had no contractual relationship with Farm Bureau, it lacked
standing under *Braesch* to assert a "traditional first-party bad
faith claim against Farm Bureau."[6] It also agreed with the
district court that, to the extent Millard Gutter was claiming
it had standing to assert the bad faith claims by virtue of the
assignments, no Nebraska appellate court had yet "ruled on
the assignability of bad faith claims or on the requirements for
such an assignment."[7] But the Court of Appeals determined it
was not necessary to conclusively decide the assignability issue
in this case, reasoning that under Nebraska's liberal notice
pleading standards, Millard Gutter had stated a plausible claim
for first-party bad faith. It ultimately determined the allegations

---

[5] See, generally, Neb. Rev. Stat. § 25-601 (Reissue 2016) ("action may
be dismissed without prejudice to a future action . . . by the court for
disobedience by the plaintiff of an order concerning the proceedings in the
action").

[6] *Millard Gutter Co., supra* note 1, 29 Neb. App. at 683, 958 N.W.2d at 445.

[7] *Id.*

- 637 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

of the amended complaint were sufficient to withstand a motion to dismiss, reasoning:

> Upon our de novo review, accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of Millard Gutter, we determine that for the purposes of a motion to dismiss, Millard Gutter has sufficiently pled a bad faith claim under Nebraska law. The amended complaint specifically alleges that Farm Bureau failed to make payments for the insureds' losses, failed to recognize the validity of the assignments, and failed to act in good faith. These pleadings are sufficient to give Farm Bureau fair notice of the claims asserted against it. . . .
>
> The district court correctly ascertained that at this point in the case, it is unclear whether the alleged assignments to Millard Gutter specifically include any tort claims or interest in the homeowners' insurance policies. However, this information can be determined during the discovery process. If at some point in the future, Farm Bureau learns that some or all of the insureds at issue did not validly assign to Millard Gutter the right to pursue bad faith tort claims related to their insurance policies, then an appropriate motion may be filed at that time.
>
> Therefore, we conclude that the district court erred in granting Farm Bureau's motion to dismiss the bad faith claims.[8]

The Court of Appeals also found merit in Millard Gutter's second assignment of error, which argued the district court abused its discretion by requiring Millard Gutter to amend the complaint to specify the dates on which the alleged breaches of contract occurred. The Court of Appeals disagreed with the district court's conclusion that the additional detail was necessary to allow Farm Bureau to identify potential statute of limitations defenses when framing its responsive pleading. It noted the

---

[8] *Id.* at 684, 958 N.W.2d at 445-46.

- 638 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

limitations period for breach of contract claims is 5 years,[9] and Millard Gutter's operative complaint alleged the storm damage occurred on April 9, 2013. Millard Gutter's lawsuit was filed on April 9, 2018--exactly 5 years after the alleged storm damage occurred. Reasoning that none of the alleged breaches could possibly have occurred before the storm, the Court of Appeals concluded that no breach would "fall outside the statute of limitations period."[10] It thus determined the district court had abused its discretion in granting the motion to make more definite and requiring Millard Gutter to file an amended complaint identifying the dates on which Farm Bureau breached the insurance agreements.

Because of its disposition on Millard Gutter's first two assignments of error, the Court of Appeals deemed it unnecessary to consider the final assignment of error. It therefore reversed the district court's order and remanded the matter for further proceedings consistent with its opinion.

We granted Farm Bureau's petition for further review and ordered supplemental briefing at the discretion of the parties. Only Farm Bureau filed a supplemental brief.

## II. ASSIGNMENTS OF ERROR

On further review, Farm Bureau assigns, restated, that the Court of Appeals erred in (1) reversing the district court's dismissal of Millard Gutter's bad faith claims for lack of standing and (2) finding it was an abuse of discretion to grant the motion for a more definite statement regarding the dates of the alleged breaches of the insurance contracts.

## III. STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all

---

[9] See Neb. Rev. Stat. § 25-205 (Reissue 2016).

[10] *Millard Gutter Co., supra* note 1, 29 Neb. App. at 686, 958 N.W.2d at 446.

- 639 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

reasonable inferences of law and fact in favor of the nonmoving party.[11]

[2] Whether a party who commences an action has standing and is therefore the real party in interest presents a jurisdictional issue.[12] When a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court.[13]

[3,4] An order of the district court requiring a complaint to be made more definite will be sustained on appeal unless it clearly appears that the court abused its discretion.[14] A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[15]

## IV. ANALYSIS

### 1. Standing to Assert Claim of First-Party Bad Faith

When reviewing the district court's dismissal of the first-party bad faith claims, the Court of Appeals focused on whether Millard Gutter's amended complaint alleged a plausible claim of first-party bad faith under Nebraska's liberal notice pleading rules. But we begin our analysis by focusing on whether Millard Gutter is the real party in interest with standing to assert such a claim.

---

[11] *SID No. 67 v. State*, 309 Neb. 600, 961 N.W.2d 796 (2021).

[12] See *Valley Boys v. American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020).

[13] *Id.*

[14] See *Christianson v. Educational Serv. Unit No. 16*, 243 Neb. 553, 501 N.W.2d 281 (1993).

[15] *George Clift Enters. v. Oshkosh Feedyard Corp.*, 306 Neb. 775, 947 N.W.2d 510 (2020).

[5,6] Standing is a jurisdictional component of a party's case, and courts must address it as a threshold matter.[16] When a motion to dismiss raises both lack of subject matter jurisdiction and failure to state a claim as grounds for dismissal, the court should consider the jurisdictional grounds first and should consider whether the complaint states a claim for relief only if it has determined that it has subject matter jurisdiction.[17] In other words, before considering whether Millard Gutter sufficiently pled claims of first-party bad faith, we must first determine whether Millard Gutter is the proper party to assert such claims under the substantive law.[18]

[7,8] As noted, Farm Bureau's challenge to Millard Gutter's standing was raised and resolved at the pleading stage. When standing is challenged at the pleadings stage, before an evidentiary hearing and before any evidence outside of the pleadings is admitted, it is deemed a "'facial challenge.'"[19] When considering a facial challenge to standing, the trial court will typically review only the pleadings to determine whether the plaintiff has alleged sufficient facts to establish standing.[20]

When the Court of Appeals issued its opinion in this case, it did not have the benefit of our recent decision in *Shelter*.[21] In that case, as in this one, Millard Gutter obtained assignments of the right to insurance proceeds from various policyholders, and then it filed suit against the insurer in its own name, as

---

[16] See, *Continental Resources v. Fair*, 311 Neb. 184, 971 N.W.2d 313 (2022); *In re Guardianship of Nicholas H.*, 309 Neb. 1, 958 N.W.2d 661 (2021); *Egan v. County of Lancaster*, 308 Neb. 48, 952 N.W.2d 664 (2020).

[17] See, *SID No. 67, supra* note 11; *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005).

[18] See *Egan, supra* note 16. See, also, Neb. Ct. R. Pldg. § 6-1109(a) (rev. 2008) ("[i]t is not necessary to aver the capacity . . . or the authority of a party to sue . . . except to the extent required to show the jurisdiction of the court").

[19] *SID No. 67, supra* note 11, 309 Neb. at 606, 961 N.W.2d at 802.

[20] *Id.*

[21] *Shelter, supra* note 2.

- 641 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

assignee, seeking to recover damages for breaches of the insurance contracts and for first-party bad faith in failing to settle the insurance claims. The district court in *Shelter* dismissed the bad faith claims for lack of standing, and we affirmed that dismissal on appeal.

[9] In *Shelter*, we noted that under Nebraska case law, only a policyholder has standing to bring a first-party bad faith claim.[22] Millard Gutter did not claim to be a policyholder; instead, it asserted that it had standing to bring the first-party bad faith claims by virtue of the postloss assignments from the policyholders. We thus framed the issue in *Shelter* as whether a policyholder could validly assign, to a policyholder, a cause of action for the tort of first-party bad faith. To answer that question, we turned to our case law governing the assignability of tort claims generally.

[10,11] *Shelter* explained that under the rule announced in *Mutual of Omaha Bank v. Kassebaum*,[23] the proceeds from personal injury tort actions may be validly assigned, but the right to control such an action cannot. Applying this rule in *Shelter*, we held that even assuming without deciding that the proceeds from a cause of action for first-party bad faith could be validly assigned, the right to prosecute such an action could not.[24] As such, the policyholders in *Shelter* remained the real parties in interest under the substantive law and were the only ones with standing to assert claims of first-party bad faith against the insurer.

Here, just as in *Shelter*, regardless of their validity for other purposes, the assignments from Farm Bureau's policyholders could not, as a matter of law, give Millard Gutter standing to prosecute any tort actions for first-party bad faith against Farm Bureau. We thus agree with the district court that Millard

---

[22] See *Braesch, supra* note 3.

[23] *Mutual of Omaha Bank v. Kassebaum*, 283 Neb. 952, 814 N.W.2d 731 (2012).

[24] *Shelter, supra* note 2.

- 642 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

Gutter's amended complaint did not contain sufficient factual allegations to establish that it was the real party in interest with standing to assert the first-party bad faith claims. We reverse the Court of Appeals' decision on this issue and remand the matter with directions to affirm the district court's dismissal of the first-party bad faith claims for lack of standing.

2. More Definite Statement on
Breach of Contract Claims

On further review, Farm Bureau also argues the Court of Appeals erred when it found the district court abused its discretion by sustaining the motion for a more definite statement. Motions for a more definite statement are governed by Neb. Ct. R. Pldg. § 6-1112(e), which states:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days or within such time as the court may fix, the court may strike the pleading or make such order as it deems just.

[12,13] The purpose of a motion for a more definite statement is to enable movants to obtain the information reasonably needed to frame a responsive pleading.[25] Motions for a more definite statement should not be used as a substitute for discovery; but if additional detail is needed to make a vague complaint intelligible, or to enable the movant to determine the availability of an affirmative defense, the fact that such detail can be obtained through discovery should not preclude providing it in response to a motion for a more definite statement,

---

[25] See, 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2004 & Supp. 2022); John P. Lenich, Nebraska Civil Procedure § 11:10 (2022).

- 643 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

so long as the detail is reasonably needed to frame a responsive pleading.[26]

[14,15] One moving for a more definite statement must identify the alleged deficiencies in the pleading, specify the details being requested, and assert the inability to prepare a responsive pleading without the requested details.[27] These requirements are designed to enable the trial court to test the propriety of the motion so that an order can be entered consistent with the limited purpose of such motions.[28] Motions for more definite statements are addressed to the sound discretion of the trial court.[29]

As noted, Farm Bureau's motion for a more definite statement was not included in our appellate transcript and no party requested preparation of a bill of exceptions. All we have available to review is the district court's written order, which recited that Farm Bureau's motion sought "a more definite and certain statement as to the date of the alleged breaches of contract so that Farm Bureau can assess any potential statute of limitations defenses." To the extent Farm Bureau may have identified other deficiencies in its motion, or offered other reasons during the hearing for why it needed to know the dates of the alleged breaches to frame a responsive pleading, such matters are outside the limited record presented for our review.

On this record, the Court of Appeals concluded the district court abused its discretion by ordering Farm Bureau to amend the complaint within 30 days to provide "a more definite statement as to when the alleged breach of contract is claimed to have occurred as to each insured." It reasoned that even without the additional detail requested, Farm Bureau could assess any potential statute of limitations defenses because the earliest date that any of the breach of contract claims could have

---

[26] See, *id.*

[27] See 5C Wright & Miller, *supra* note 25, § 1378.

[28] *Id.*

[29] *Vodehnal v. Grand Island Daily Independent*, 191 Neb. 836, 218 N.W.2d 220 (1974).

- 644 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

accrued was the date of the storm that caused the property damage (alleged to be April 9, 2013, as to each policyholder), and suit was filed within 5 years of that date. As such, the Court of Appeals concluded that even though Millard Gutter's breach of contract claims may span a period of several years, none of those claims could have accrued more than 5 years before suit was commenced.

We agree with the Court of Appeals that the allegations of the amended complaint were sufficient to allow Farm Bureau to assess whether it had a statute of limitations defense to the breach of contract claims. Our record on appeal does not contain any other rationale advanced for requiring Millard Gutter to file a second amended complaint specifying the dates of the alleged breaches. We thus agree it was an abuse of discretion to sustain the motion for a more definite statement on the grounds the additional detail was necessary for Farm Bureau to frame a responsive pleading. Farm Bureau's arguments to the contrary are without merit.

### 3. Millard Gutter's Remaining Assignment of Error

Before the Court of Appeals, Millard Gutter assigned error to the district court's sua sponte dismissal of the entire action. The Court of Appeals declined to consider this assignment, reasoning that its disposition of the other assignments of error made it unnecessary.

On further review, we have discretion to consider, as we deem appropriate, some or all of the assignments of error the Court of Appeals did not reach.[30] We think it is appropriate to briefly address the dismissal order and to reverse it in part to facilitate further proceedings on remand.

As we read the sua sponte dismissal order, it was premised exclusively on Millard Gutter's failure to obey the order to make more definite within the time fixed by the court, and it dismissed the entire action on that basis. To the extent Millard

---

[30] See *Signal 88 v. Lyconic*, 310 Neb. 824, 969 N.W.2d 651 (2022).

- 645 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

Gutter argues on appeal that trial courts lack the authority to sua sponte dismiss a case under such circumstances, it is incorrect.

[16-18] The failure to file an amended pleading within the time specified by the court's order is a basis for dismissing the action without prejudice under § 25-601(5).[31] We have stated that not only may a court sua sponte dismiss an action without prejudice under § 25-601(5), but a defendant may file a motion to dismiss under that subsection, too.[32] And in addition to the statutory authority under § 25-601, we have long recognized that courts have inherent authority to dismiss an action for violation of a court order.[33] Moreover, § 6-1112(e) of the pleading rules authorizes a trial court to "strike the pleading or make such order as it deems just" if an order to make more definite is not obeyed within the time fixed by the court. Dismissal is generally considered an available sanction under such a provision and is reviewed for an abuse of discretion.[34]

The available sanctions for failing to comply with an order to make more definite are well established and well known to the practicing bar. A party who ignores such an order and takes no further action in the case, allowing it to languish on the court's docket, risks the possibility that such conduct may result in sua sponte dismissal of the case as a sanction for the

[31] See *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991).

[32] *Id.*

[33] *Id.* at 641-42, 471 N.W.2d at 767 (internal quotation marks omitted) ("[i]t has almost universally been held or recognized that courts have the inherent power to dismiss an action for disobedience of a court order. . . . Without this right, a court could not control its dockets; business before it would become congested; its functions would be impaired; and speedy justice to litigants would largely be denied").

[34] See, *Shelter, supra* note 2. See, also, *Nystrom v. Melcher*, 262 Mont. 151, 864 P.2d 754 (1993); *Clay v. City of Margate*, 546 So. 2d 434 (Fla. App. 1989); *Medved v. Baird*, 58 Wis. 2d 563, 207 N.W.2d 70 (1973). Accord, 5C Wright & Miller, *supra* note 25, § 1379 (noting when complaint is stricken as sanction for failure to obey order to make more definite, it has effect of dismissing action).

- 646 -

Nebraska Supreme Court Advance Sheets
312 Nebraska Reports
MILLARD GUTTER CO. v. FARM BUREAU PROP. & CAS. INS. CO.
Cite as 312 Neb. 629

failure to obey a court order or for the failure to prosecute the action.[35]

But on this record, we have determined it was an abuse of discretion to sustain the motion for a more definite statement in the first instance. So, although we do not condone or excuse Millard Gutter's conduct in ignoring the court's order for nearly 6 months rather than timely advising the court and opposing counsel that it was electing to stand on its amended complaint, we are persuaded it is appropriate under the circumstances to reverse the order of dismissal to the extent it was imposed as a sanction for failing to obey the order to make more definite. This reversal impacts only the breach of contract claims alleged in the amended complaint and facilitates remand of those claims for further proceedings. For the reasons stated earlier, the district court's dismissal of the first-party bad faith claims for lack of standing was correct and should be affirmed.

## V. CONCLUSION

Because Millard Gutter lacks standing to assert first-party bad faith claims against Farm Bureau, we reverse the Court of Appeals' decision in that regard and remand the matter to the Court of Appeals with directions to affirm the district court's dismissal of such claims based on lack of standing. We further direct the Court of Appeals to reverse the district court's dismissal as to the breach of contract claims only. We otherwise affirm the Court of Appeals' decision.

Affirmed in part, and in part reversed
and remanded with directions.

---

[35] See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (noting state and federal courts have long recognized trial courts' inherent authority to sua sponte dismiss complaints for failure to prosecute, and under appropriate circumstances court "may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion").